# Rockford, Rock Island & St. Louis Railroad Co.
## v.
## Isom Lewis.

1. Negligence—*liability of a railroad company for killing stock.* In an action against the Rockford, Rock Island & St. Louis Railroad Company, to recover the value of a cow, belonging to the plaintiff, alleged to have been killed by an engine and train on the defendants' road, it was *held*, that although the accident occurred at a place where the company were not bound to fence their track, and defendants were not guilty of any wanton or wilful neglect, yet, if by the exercise of ordinary care and skill upon their part, they could have prevented the injury, they were, nevertheless, liable for the damages sustained.

4—58th Ill.

2. Evidence—*presumption.* And upon objection that the evidence failed to connect the defendants with the injury, the testimony of the engineer, "that he was on the train, on the 17th day of June, 1869, when the cow was killed; that he had been an engineer about ten years, and had been on the Rockford, Rock Island & St. Louis Railroad, six or seven months," was regarded as sufficient to support the finding of the jury on that question, against the defendants. Although the evidence was slight, still it was not an unreasonable presumption, that the engineer was in the employment of the defendants at that time, and that the train on which he was the engineer belonged to them, and was on their road.

APPEAL from the Circuit Court of Scott county ; the Hon. CHARLES D. HODGES, Judge, presiding.

Mr. THOMAS CARTER, Mr. N. M. KNAPP and Mr. W. C. WILKINSON, for the appellant.

Messrs. CHAPMAN & HENDERSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action brought by appellee, before a justice of the peace of Scott county, against appellant, to recover the value of a cow killed by an engine and train on appellant's road. It appears the accident occurred within the corporate limits of the town of Winchester, where it is conceded appellant is not bound to fence its track.    The animal was killed in day light, and by a freight train.

It is urged that the evidence fails to support the verdict. The evidence is conflicting, and were that introduced by either side considered alone, it would clearly support the respective theories of the parties.    Appellee contends that the use of ordinary care and prudence on the part of the employees of the road, would have prevented the injury to the property, and the evidence of his witnesses, uncontradicted, seems to establish that position.    On the other side, it is contended that the engineer and brakeman used every precaution in their power to prevent the injury, and they swear they did.    One of appellee's wit-nesses testifies, that he had previously seen on the same road, cattle on the track at the same place, similarly situated, and the train checked up, and injury avoided, and other witnesses say

no whistle was sounded or the train checked up. Whether the company was guilty of negligence was a question for the jury, and in the conflict of evidence it was for them to determine to which side they would give credit, and we are unable to say that they have found against its weight, or that their verdict is unsupported by the testimony.

It is, however, urged, that as the collision occurred at a place where the company was not bound to fence its track, it can only be rendered liable for wanton, or wilful injury. In the case of *The Illinois Central Railroad Company* v. *Middlesworth*, 46 Ill. 494, the previous decisions of this court which had announced the rule contended for by appellant, were reviewed and the rule modified. It was there held, that if the employees of the company could, by the use of ordinary prudence, see, or seeing stock on the road, could without danger stop the train, and avoid striking the animals, they are required to do so, notwithstanding the owner may have been negligent. It was there said, that the idea is not tolerable, that an injury may be inflicted, which by ordinary care and diligence might be avoided. This is the rule in the ordinary affairs of life, and is as applicable to corporations as to individuals, and is regarded as the settled law of this court. The court below, therefore, did not err in so instructing the jury. Nor did the court err in refusing the instructions asked by the appellant, which contained the reverse of this proposition. There was no error in giving or refusing instructions, and the law of the case was fairly given to the jury.

It is urged that the evidence fails to prove that it was the engine and train of appellant that did the injury, or that it was upon its road. Jewell, the engineer, swears he was on the train on the 17th of June, 1869, when the cow was killed ; that he had been an engineer about ten years, and had been on the Rockford, Rock Island & St. Louis railroad, six or seven months. Although this evidence may be slight, still it is not an unreasonable presumption to say that he was in the employment of that company at that time, and that the train on which

he was the engineer, belonged to and was on the road of that company. In no case, is absolute certainty required to establish a fact in a court of justice. If such were the rule, then justice would be defeated in a large majority of cases litigated in courts of justice. This evidence was sufficient to support the finding of the jury on that question. No error being perceived in this record, the judgment of the circuit court must be affirmed.

*Judgment affirmed.*