CENTRAL BRANCH RAILROAD CO. v. THOS. H. PHILLIPI.

1. NEGLIGENCE; *Pleading.* An allegation of gross negligence on the part of the defendant is unnecessary, in a bill of particulars which discloses no negligence on the part of the plaintiff, filed in an action to recover damages for stock killed by a railroad train.
2. FINDING, *of Justice of the Peace.* A finding by a justice of the peace, is as conclusive as the verdict of a jury, upon a question of fact.

*Error from Jackson District Court.*

IN June 1876, *Phillipi* recovered a judgment before a justice of the peace for $35 damages for killing a cow and injuring another, and for $15 for attorney-fees, and costs of suit, against the *Central Branch U. P. Railroad Co.* No testimony was offered by the *Railroad Company.* The evidence presented in behalf of *Phillipi* was all preserved in a bill of exceptions. The record was taken by petition in error to the district court, where, at the October Term 1876, the judgment was modified by striking out the amount allowed for attorney-fees, but in all other respects the judgment was affirmed; and the *Railroad Company* now brings the case here.

2—20 KAS.

*D. Martin,* for plaintiff in error:

1. The action before the justice was evidently intended to be brought under the act of 1874; but the bill of particulars was insufficient as a statutory one, (17 Kas. 566,) and so the court held; but the court further held that the bill of particulars and the proof were sufficient to make out a case at common law. In this we think the court erred. The bill of particulars did not aver gross negligence of plaintiff in error, nor that it had failed to perform any statutory duty; 5 Kas. 167; 2 Hilliard on Torts, 369, §44b. And Phillipi was himself the party guilty of the negligence which resulted in injury to his property. He testified that the trains pass in plain view of his house every day; that he knew when he started with his cattle that it was time for the regular train going east, and that he might have seen the train half a mile away if he had kept near his cattle; still he loitered behind, seeming to court rather than to avoid the destruction of his own property and that of the railroad company, and to trifle with the lives of the passengers and train-men on board.

2. Even if the engineer saw defendant in error driving his cattle toward the crossing half a mile ahead, still he had a right to presume that they would not be driven upon the track at the very moment to produce a collision; 63 Ill. 220; 75 Ill. 577. The failure of the engineer to give the statutory or customary warnings does not relieve a person approaching a crossing from the duty of looking out for moving trains. (Wharton on Neg., §384.) The omission to ring the bell or sound the whistle at public crossings, is not of itself sufficient ground to authorize a recovery, if the party, notwithstanding such omission might, by the exercise of ordinary care, have avoided the accident; 28 Ohio St. 340; 29 Ill. 447. And in such a case as this, where the only proof against the railroad company is the killing of the animal, and the failure to give the statutory signals, it is the duty of the court to declare, as a matter of law, that no recovery can be had ; 62 Mo. 562, 584. Even if a train be running at unlawful

speed, yet if a person attempt to cross a track in front of the train, it is such contributory negligence as to prevent a recovery if such person be killed or injured by such train; 41 Wis. 44; 64 Mo. 480. The law requires the claimant in such cases to prove that he was exercising ordinary care and diligence at the time the accident occurred. The gross negligence of the claimant in this case certainly ought to defeat a recovery; 5 Kas. 433, 445; 3 Cent. L. Jour. 768; 4 N.Y. 349; 63 Ill. 178.

*Hayden & Hayden,* for defendant in error:

1. The case before the justice was tried from beginning to end as though the bill of particulars was sufficient in every respect, except possibly as to the attorney-fees; and as no objections were there made by plaintiff in error to the sufficiency of the evidence, and no motion there made by it for a new trial, we think that the alleged errors which are here complained of, and for the first time, ought to be disregarded by this court; 2 Kas. 198; 9 Kas. 177; 14 Kas. 366; 16 Kas. 190, 346, 583; 17 Kas. 142, 566.

2. But we submit that the bill of particulars states a cause of action at common law. There is an express averment that the damage was caused by the negligence of the railroad company, and it is in exact conformity with the form given by Nash. (1 Nash Pl. & Pr. 517.)

3. The record in this case does not show any contributory negligence on the part of defendant in error; on the contrary it shows, that the cattle were being driven on the highway across the track, and at a time when defendant in error had reason to believe that the train had passed — that if the alarm had been sounded eighty rods from the crossing, as required by statute, he could have kept the cattle from the track — that the engineer could see the cattle half a mile away, but defendant in error could not see the train coming, as his view was obstructed by a bluff.

The opinion of the court was delivered by

BREWER, J.: This was an action to recover damages for stock killed. Judgment was rendered by the justice of the peace in favor of the plaintiff. This judgment was, as to all matters now in controversy, affirmed by the district court, upon proceedings in error. And to reverse this judgment of affirmance, this petition in error has been filed in this court.

No question under the stock-killing law of 1874 arises in this case, as the cattle were killed at a public crossing. The bill of particulars alleged that they were killed through the negligence of the defendant. And now it is objected that it did not allege that the negligence of the company was "gross." Clearly such allegation was unnecessary. Ordinary negligence rendered the company liable, and an allegation of gross negligence would be superfluous.

Again, it is objected that the testimony was insufficient to sustain the finding and judgment. Waiving all objection as to the lack of a motion for a new trial, it seems to us that if every step had been taken to have this question properly presented the judgment must be sustained. There was testimony showing that no whistle was sounded, or other alarm given, until the train was within twenty rods of the crossing. This was negligence. (Gen. Stat., p. 206, § 60; *L. L. & G. Rld. Co. v. Rice*, 10 Kas. 426.) It is doubtful whether any negligence could be imputed to the plaintiff— whether he did not use all the care chargeable upon one driving cattle along a public road. But whether he was guilty of any negligence or not, was, under the circumstances of this case, principally a question of fact, and the finding of the justice, like the verdict of a jury, settles such questions.

We see nothing in the record which would authorize us to disturb the judgment, and it will be affirmed.

VALENTINE, J., concurring.

HORTON, C. J.: I agree that the bill of particulars states a cause of action, and concur in the conclusion of the court

that the judgment must be affirmed, but base my opinion solely upon the fact that the record fails to contain any motion for a new trial. *Rice v. Harvey,* 18 Kas.; *Ayers v. Crum,* 13 Kas. 269; *Nesbit v. Hines,* 17 Kas. 316; *Hover v. Cockins,* id. 518. If no motion for a new trial was necessary, in the absence of a jury, then it is doubtful whether any writ of error lies from the judgment of a justice of the peace, when the error complained of is that the findings are against the evidence. I concede that the railroad company was guilty of negligence in failing to ring the bell, or sound the whistle on the locomotive, for a distance of at least eighty rods before the train reached the public road where the cow of the defendant in error was injured; (Sec. 60, ch. 23, Gen. Stat.;) but think the testimony of the defendant in error on the trial shows that his acts, directly contributing to produce the injury, amounted to negligence *per se.* I do not think he used prudence to guard against the injury. The undisputed testimony shows the defendant in error resided on a quarter-section of land, a corner of which was about forty rods from the railroad, and not far from the public road where the cow was injured; that the train usually passed the crossing about 11 o'clock A.M. each day, but was not always on time; the train passed in plain view of the house of defendant in error. Just before starting to drive his cattle to water, (there were ten of them,) without knowing whether the train had passed or not that forenoon, he looked at the clock to see what time it was, and ascertained that it was near train-time, and at once attempted to drive his cattle across the track at the public crossing. When the cattle reached the track the owner was about eight rods from them. The complaint is made that the bell of the locomotive was not rung till the train was within twenty rods of the cattle, and that a cut or bluff, about twenty-five or thirty rods from the crossing, obstructed the view beyond that point, so that the train could not be seen; but the testimony does not show but what he had time to get the cattle across the track if he had seen the cars at the cut or bluff, and the statement of plaintiff is

conclusive, that if he had been close to his cattle, he could have seen the train approaching near one-half a mile distant and that the cattle might have been hurried across the track in a great deal less time than a minute. With full knowledge that he might, at any moment, expect the morning train going east, he got his cattle near to the railroad track on the public highway, and then loitered along, absolutely indifferent as to results. He used no care or vigilance for their safety. I hold that there was no evidence whatever to support the judgment, and do not think the views I have expressed are at all in conflict with *L. L. & G. Rld. Co. v. Rice,* supra.