Amos Shuman

v.

The Indianapolis and St. Louis Railroad Company.

1. RAILROADS—KILLING STOCK.—A railway company, in running its trains, is liable for stock killed upon its track, which results from want of ordinary care and diligence, and it is not necessary that such killing should be wantonly or willfully done.

2. DUTY TO AVOID INJURY.—When animals are standing on the track of a railroad, and can be seen by the persons running a train by the use of ordinary care, it is their duty to slacken speed or stop the train, if necessary, to avoid injuring them.

APPEAL from the Circuit Court of Edgar county; the Hon. O. L. DAVIS, Judge, presiding. Opinion filed October 24, 1882.

Mr. A. Y. TROGDON, for appellant; that plaintiff is entitled to recover if the act causing the injury was willful or grossly negligent, cited I. & St. L. R. R. Co. v. People, 91 Ill. 452; I. &. St. L. R. R. Co. v. Blackman, 63 Ill. 117; G. & C. N. R. R. Co. v. Yarwood, 17 Ill. 509; Schmidt v. C. & N. W. R. R. Co. 83 Ill. 405.

Mr. J. V. JAQUITH, and Mr. JOHN T. DYE, for appellee.

HIGBEE, J.    After appellant had closed his evidence in chief, on the trial of this cause in the court below, the following demurrer to the same and joinder thereto were filed by the respective parties:

STATE OF ILLINOIS, ⎰
  Edgar County.   ⎱

In the Circuit Court of the March Term, A. D. 1882.

AMOS SHUMAN ⎤
  v.        ⎟
INDIANAPOLIS & ST. ⎟
  LOUIS R. R. Co.  ⎦

Comes now the defendant herein by Jaquith, its attorney, and admits that the evidence in this cause proves the following facts:    That on or about June —, 1881, Amos Shuman was the owner of two cows; that on that date they were standing on the track of defendant, at a point where it crossed a county road or highway in said county, and had been standing on said place between ten and twenty minutes; that at that point the view of the track was unobstructed for a distance of several miles and the person in charge of trains could see stock thereon for a mile; that a freight train of defendant approaching said crossing from the west, struck said cows on said crossing and knocked one of them a distance of from thirty-five to forty feet and killed her; that she was worth, when killed, between $35 and $40; and that said train struck another of said cows, knocked her off the track, breaking off one of her horns and breaking or putting out of place one of her feet so that she was damaged to the amount of $20; that the train did not stop or slacken its speed on approaching said crossing, but increased its speed; that it is a down grade on said track approaching said crossing from the west; that train was running as fast as they generally run; that train whistled several

times, quick and sharp; that the injuries happened about nine or ten o'clock in the forenoon.

Yet, while said defendant admits the truth of all the facts above proved, and all inferences properly to be drawn from them, says that the said facts are not sufficient in law to enable said plaintiff to have and maintain his action and recover against the said defendant herein, wherefore it prays judgment, etc.

INDIANAPOLIS & St. LOUIS R. R. Co.,
By JAQUITH, its Attorney.

A. SHUMAN ⎫
v. ⎬    ♭
I. & St. LOUIS R. R. Co. ⎭

And now claims the plaintiff, by his attorney, A. Y. Trogdon, and joins in said demurrer, and that said evidence of plaintiff is sufficient to entitle the plaintiff to recover herein. Wherefore he prays judgment, etc.

A. Y. TROGDON.

The court sustained the demurrer and rendered judgment against appellant for costs, which he seeks to reverse in this court.

Do the facts stated in the demurrer and admitted to be true by the joinder therein entitle appellant to recover?

In the absence of a statutory provision to the contrary, it is lawful for the owner of stock to permit the same to run on the commons and highways of the country, and in doing so, he is guilty of no wrong. C. B. & Q. R. R. Co. v. Coffman, 38 Ill. 425.

It was held in the earlier cases in this State, that a railroad company was not liable for the want of ordinary care and diligence in running its trains, whereby animals on its road were killed, but only for wanton, willful or gross negligence; but in the case of the Ill. Central Railroad Co. v. Middlesworth, 46 Ill. 494, this doctrine was reviewed and modified, and it was there said by Chief Justice Breese in the opinion of the court, that " much reflection has satisfied us the doctrine of these cases (C. M. T. R. R. Co. v. Rockefellow, 17 Ill. 541; G. W. R. R. Co. v. Thompson, Ib. 131; Ill. Cent. R.

R. Co. v. Reedy, Ib. 580; C. & M. R. R. Co. v. Patchin, 16 Ill. 198) is liable to severe and just criticism, and is not in harmony with the great maxim of the common law, so long reverenced, and so consonant with the instincts of our nature, and that is, 'so use your own property and exercise your rights as not to inflict injury upon another.' The idea is not tolerable, that an injury may be inflicted which, by ordinary care and diligence, could have been avoided." Since this case it has been the settled law of this State, and constantly followed, that a railway company in running its trains is liable for stock killed upon its track, which results from want of ordinary care and diligence, and it is not necessary that such killing should be wanton or willfully done by its servants. R. R. I. & St. L. R. R. Co. v. Lewis, 58 Ill. 49; R. R. I. & St. L. R. R. Co. v. Irish, 72 Ill. 404; Same v. Rafferty, 73 Ill. 59. These cases also hold that when animals are standing on the track of the road, and can be seen by its employes by the use of ordinary care, it is their duty, if the same can be done without danger, to slacken the speed or stop the train if necessary, to avoid injuring them.

From the facts stated in the demurrer the animals injured were on the track in plain view of the engine driver and fireman, and did not leave the track when the whistle was repeatedly and sharply sounded, and no good reason appears why the train could not, without danger to it, have been checked or stopped and the accident thereby avoided.

Judgment reversed and remanded.

Reversed.