THE VAUGHN LUMBER COMPANY v. THE MISSOURI MINING AND LUMBER COMPANY.

WAIVER OF ERROR.    Failure to except to the ruling of a motion for a new trial is a waiver of error as to such ruling and all alleged errors of law occurring at the trial for which a new trial might be granted. ( *The City of Atchison v. Byrnes*, 22 Kan. 65 )

*Error From the District Court of Grant County.*

Action in replevin brought by the Vaughn Lumber company against the Missouri Mining and Lumber company. to recover possession of a lot of shingles shipped by plaintiff to a party in Grant county, and seized by defendant upon an execution. Plaintiff brings up this case.

*Burwell & Burwell, Asher & Asher* and *G. C. Clegg*, for plaintiff in error.

*Charles E. Bailey, Buckner* and *Bird & Lake*, for defenddant in error.

The opinion of the court was delivered by

DALE, C. J.: November 20, 1893, the Vaughn Lumber company instituted an action in replevin in the probate court of Grant county against one R. H. Hager, to recover a certain lot of shingles which had prior thereto been shipped by the Vaughn Lumber company to one J. J. Ellis, at Pond Creek. The goode were seized by Hager as sheriff to satisfy an execution against Ellis, which execution had been obtained by the Missouri Mining and Lumber company. Hagar, by answer, showed his lack of interest in the property, except as an officer holding the same by virtue of his execution, whereupon the Missouri Mining and Lumber company obtained leave to be substituted for Hagar, as defendant in the action brought by the plaintiff below. The Missouri Mining and Lumber company answered by a general denial. The case was tried in the probate court and judgment rendered for the defendant therein, and from there appealed to the district court of the county, and on April 14, 1894, tried in the district court upon an agreed statement of facts, after which submission of the agreed statement of facts, the defendant demurred, which demurrer was by the court sustained, and a judgment was rendered in the action in favor of the defendant, adjudging that the defendant was entitled to the possession of the property, and that the interest of the defendant in the property was the sum of money, to-wit: $105, which the defendant had advanced to the railway company as freight charges at the time the execution was by the sheriff levied upon the property, as the property of Ellis. After the rendition of the judg-

ment, the plaintiff below filed his motion for a new trial, upon grounds stated as follows, to-wit:

"The verdict and the decision of the court is not sustained by sufficient evidence, and is contrary to law. For that the court committed error at the trial of said cause, which was excepted to by the plaintiffs therein."

The motion for a new trial was by the court over-ruled, no exception being taken by the plaintiff below to the ruling of the court upon the motion for a new trial.

In the case-made presented to us for consideration, the only objection saved by the plaintiff below was upon the ruling of the court sustaining the demurrer of the defendants, and granting judgment upon such demurrer, and that brings before us the proposition as to whether or not this court will, in the absence of an exception to the ruling of the court overruling the motion for a new trial, consider any of the matters which should have been alleged and presented to the court below upon such motion. This question was passed upon by the supreme court of the state of Kansas, in the *City of Atchison v. Charles Byrnes*, 22 Kan. 65, and numerous decisions therein cited show that the practice was well settled at the time of the adoption of our code, to the effect that the supreme court of that state would not consider questions which should have been presented to the court below upon the motion for a new trial, unless an exception to the ruling of the court upon the motion is saved. By the adoption of the code of the state of Kansas, we took with it the decisions of the supreme court of that state upon questions of practice, and in this territory it must be considered as a settled practice that this court will not review errors assigned upon a motion for a new trial, unless the party presenting the motion in the lower court saved an exception to the ruling of the trial

court upon the motion. Outside of this question, there is nothing left in the case-made.

Under the pleadings filed, the judgment of the court below was one within the issues, as shown on such pleadings, and upon the record presented to us there is nothing for this court to do except affirm the judgment of the court below.

The judgment of the district court is affirmed.

Bierer, J., having presided at the trial in the court below, not sitting; all the other Justices concurring.