W. T. CARTER & BRO. v. THE MISSOURI MINING AND
LUMBER COMPANY.

(Filed July 27, 1895.)

1. VERDICT—*When Judgment on not Error.* Where the verdict of the jury is one which can properly be returned under the pleadings, it was not error for the court to render judgment thereon, in the absence of a motion for judgment upon the special findings of fact returned by the jury.

2. INSTRUCTIONS—*When Objection Waived.* At the trial of a cause, the instructions went to the jury without objection, no exceptions having been taken to them, either separately or as a whole, *Held*: A waiver of all errors contained therein.

3. NEW TRIAL—*Motion for.* Where counsel fail to point out in their briefs in what manner they have been prejudiced' by the overruling of a motion for a new trial, this court will not consider an assignment of error based upon such ground.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before*
*A. G. C. Bierer, District Judge.*

*Burwell & Burwell, Asher & Asher,* and *G. C. Clegg,* for plaintiffs in error.

*Charles E. Dailey,* and *Buckner, Bird & Lake,* for defendants in error.

Action brought by W. T. Carter and E. A. Carter, part-
ners as W. T. Carter & Bro., plaintiffs, against the Mis-
souri Mining and Lumber company, in the probate court
of Grant county, to recover a certain lot of lumber.  De-
cision by the probate court in favor of the plaintiffs, from
which judgment the defendant therein appealed to the
district court.  Case tried in district court and judgment
rendered in favor of the plaintiffs for the recovery of a
part of the lumber, and in favor of the defendants for the
remainder thereof.  The plaintiff below brings the case
here.

Opinion of the court by

DALE, C. J.: On the 25th day of November, 1893, plaint-
iffs in error brought an action in replevin in the probate
court of Grant county, to recover four car loads of lum-
ber.  The action was brought against R. H. Hager, as de-
fendant.  Hager answered, first, by a general denial, sec-
ond that he had no interest in the subject matter as an
individual; and further denying, said that he did not de-
tain or wrongfully withhold the lumber for which the
action was brought.  Afterwards on the 8th day of Feb-
ruary, 1894, the Missouri Mining and Lumber company,
by motion was substituted for the defendant, Hager, and
in their answer, first, deny generally all of the allega-
tions contained in the petition of the plaintiff, and fur-
ther allege that they are entitled to the possession of the
property because they are the plaintiffs in a certain judg-
ment against one J. J. Ellis, rendered in the probate
court of Grant county; that the property in question was
taken by the sheriff of said county by virtue of an execu-
tion issued upon the judgment; that the property was
levied upon as the property of J. J. Ellis, to whom the

lumber was sold by the plaintiffs, and to whom the same was shipped, and that the goods were seized prior to any notice of any lien on the part of the plaintiff in the action, and that, before receiving the property it was necessary to pay the railway company the amount of their lien for freight and carriage in the sum of $497.50, and alleged that the plaintiffs have never paid or offered to pay the defendant the money thus advanced, to which the defendants are entitled.  On the 8th day of February, the case was heard in the probate court and judgment was rendered in favor of the plaintiffs, and afterwards, to-wit, April 14, 1894, the case was tried by a jury in the district court.  At the time the case was so submitted to the jury plaintiffs submitted a number of special findings to be answered by the jury, along with their general verdict. In their general verdict the jury found for the defendant for the recovery of the lumber in two of the cars, and assessed the value of the same at $451, and found for the plaintiffs on the issues as to the lumber in the other two cars.  The plaintiffs below appeal the case to this court and assign error as follows:

First:  Error in giving judgment for appellees.

Second:  Error in not giving judgment for appellants upon the special findings of fact returned by the jury.

Third:  Error in not sustaining appellants motion for a new trial.

This case is here by case made, duly signed and settled, and the record contains only the pleadings, instructions to the jury, special findings on the quetisons of fact submitted to the jury by the plaintiffs below, the general verdict by the jury, motion for a new trial and judgment of the court upon the verdict of the jury.

I.  A careful examination of the record before us has been made in order to determine whether or not appellants have preserved, by exceptions taken at the trial of the cause, the questions which he presents to us for consideration.  The first and second assignment of error will be considered together.  Not having the evidence before us, we can only consider the pleadings and verdict in determining whether or not the trial court erred in rendering a judgment upon the verdict.  Under the pleadings filed we can perecive no error in rendering such judgment.  The plaintiff below instituted the action to recover four car loads of lumber, of the aggregate value of $800.  To the petition and affidavit of said plaintiff the defendant filed his answer, joining issue with plaintiff upon the question of the right of plaintiffs, and in their verdict the jury find for the defendant as to the lumber in two of the cars and in favor of the plaintiff as to the lumber in the other two cars.  The verdict was justified by the pleadings in the case.  Counsel for appellant urge that it was the duty of the court below to have rendered a judgment in their favor upon the special findings of fact as returned by the jury.  It may be possible that if counsel had moved for such judgment, the court would have granted the same, but an examination of the record nowhere shows that the plaintiffs moved for a judgment upon the special findings of the jury, and in the absence of such motion, we cannot now consider the question.  All that is before us upon this proposition are the pleadings and the general verdict of the jury, and such verdict being one which the jury might properly have returned under the pleadings, we think the first and second alleged grounds of error must be decided against appellants.

II. The third proposition involved is the alleged error of the court below in giving instructions numbered from five to nineteen inclusive. Counsel for appellant are mistaken in supposing that the record will justify this court in the consideration of this objection. The record shows that no exception was taken to the instructions, either separately or as a whole. Section 288, chap. 66, procedure civil, of our code, provides how exceptions to instructions may be preserved for review by the supreme court. Where a party fails to object to instructions at the trial of the cause, he thereby waives all errors contained therein.

III. The last assignment of error is based upon the refusal of the court below to sustain the motion for a new trial, and an exception to the ruling of the court is shown and we will consider the same with reference to the record before us. There are but two grounds set forth in the motion, first, that the verdict of the jury is contrary to law, and second, for errors of law occurring at the trial, and excepted to by the party making the application. When we consider the record for the purpose of determining just what was presented to the trial court upon this motion, we are unable to see how the court below erred in overruling the same. No affidavits were filed in support of the motion, and nothing appears in the record which in any way tends to enlighten this court upon this question. We have no record before us to examine for errors in the admission or exclusion of evidence. Counsel in their briefs fail to point out wherein the court below erred in the action taken, therefore, appellant's contention cannot be favorably considered on the record before us.

Judgment of the lower court is affirmed.

Bierer J., having presided at the trial in the court below, not sitting; the other Justices concurring.