G. V. LEWIS v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 10 September, 1913.)

Railroads — Signals — Negligence—Natural Characteristics of Animals—Judicial Notice—Proximate Cause—Questions for Jury.

> A flock of turkeys are not as alert to danger as cattle, horses, or other more intelligent creatures, though more quickly alarmed by a sudden sharp sound, as the whistle of an approaching railroad locomotive. Hence, the failure of the engineer to blow the whistle of the locomotive when he sees turkeys feeding on or across the track, or should have seen them by a proper lookout, is actionable negligence. The jury may consider the known characteristic of a turkey to run or fly at a sudden sound upon the question as to whether the failure to blow the whistle, under these circumstances, was the proximate cause of the damage inflicted by the train running into them.

APPEAL by plaintiff from *Whedbee, J.,* at April Term, 1913, of WASHINGTON.

*Gaylord & Gaylord for plaintiffs.*
*W. M. Bond, Jr., for defendant.*

CLARK, C. J. It was in evidence that "about midday the defendant's train passed plaintiff's house, which was about 60 yards from the track. The train was twenty minutes late and going extra fast. The engine ran over and killed six of plaintiff's turkeys which were 250 yards further down the track. Those in charge of the train could have seen the turkeys a distance of 500 yards. No whistles were blown and the train made no other noise than that usually made in running. The engine did not let off any steam. There were no obstructions on the track to prevent the turkeys being seen."

Upon this evidence it was error to grant a nonsuit. From the known characteristics of turkeys, a flock of them feeding on or crossing a track might not notice that the train was approaching or attempt to fly. But as when a gun is discharged close by, if there had been the sharp blow of the whistle the turkeys would doubtless have taken to wing, or have run. They are very timid, if alarmed, but they are not alert to perceive danger.

163—3

It has been repeatedly held that it is error not to sound the whistle when cattle or horses are on the track, which are seen by the engineer in time, or which should have been seen by him in time, to give warning by the whistle. Turkeys would be much less likely to notice the approach of a train than cattle or horses, and would be more likely to save themselves by flight when a whistle is sounded. As already said, they have less intelligence to perceive the danger of an approaching train, and would be more easily frightened by the sudden sharp blow of the whistle. They can escape, too, more quickly by the use of wings.

It cannot be denied that there was evidence of negligence in failing to sound the whistle, when the turkeys were seen, or should have been seen. It is true, it is necessary for the jury to find, not only negligence on the part of the defendant, but further that such negligence was the proximate cause of the injury, and that if the whistle had been blown the turkeys would probably have flown in time.

From the well known characteristics of these fowls, the jury would have been justified in inferring from this evidence that the failure to blow the whistle was the proximate cause of their being killed, and that they would have removed themselves promptly by flight if the whistle had been sharply blown. Upon a nonsuit, the evidence must be taken in the light most favorable to the plaintiff and with all the inferences which may be reasonably drawn therefrom in his favor.

In *R. R. v. Wilson,* 28 Kan., 641; it is said: "The idea is not tolerable that an injury may be inflicted which by ordinary care and diligence may be avoided. This is the rule in the ordinary affairs of life, and is as applicable to corporations as to individuals. *R. R. v. Caffman,* 38 Ill., 425; *R. R. v. Lewis,* 58 Ill., 49; *R. R. v. Phillips,* 20 Kan., 9; *R. R. v. Rice,* 10 Kan., 426. Although the drove of cattle could have been seen from the train approaching the crossing, no attempt was made by sounding the whistle to frighten the cattle and make them run away, and no attempt was made to slacken the speed of the train or prevent it from running into the drove. Therefore,

there was evidence to go before the jury as to the negligence and careless operation of the train by the railroad company, and also evidence that the heifer was thrown from the track through the result of such negligence." This and many other cases to same effect are cited, 3 Elliott R. R., sec. 1207.

In *Moore v. Electric Co.,* 136 N. C., 554, relied upon by the defendant, it was held that. "the killing of a dog by a street railroad is not *prima facie* evidence of negligence," the Court saying that dogs are of superior intelligence, and "are known to be able ordinarily to take care of themselves amidst the dangers incident to their surroundings. Where a horse or a cow or a hog or any of the lower animals would be killed or injured by dangerous agencies, the dog would extricate himself with safety." The use of a whistle is more necessary, and would be more effective, with a drove of turkeys than with a drove of cattle or hogs.

The case should have been submitted to the jury, together with such evidence, if any, as the defendant may see fit to offer in rebuttal.

Reversed.