BAKER v. TATE, *Executor.*

No. 2889.   Opinion Field January 19, 1914.

(138 Pac. 171.)

1.   **APPEAL AND ERROR**—Presentation Below—Sufficiency.   In a motion for new trial the assignment, ''error of law occurring at the trial and excepted to by the party making the application,'' eighth subdivision, section 5033, Rev. Laws 1910, will embrace every ruling of the trial court during the trial of the cause properly excepted to at the time such ruling was made; but, unless the errors complained of were duly excepted to at the time and presented to the trial court in a motion for new trial, either in substantially the same language as the statute, or by specifically pointing out the errors complained of, they cannot be presented to this court for review by being assigned in a petition in error.

Baker v. Tate, Executor.

2. **ATTORNEY AND CLIENT—Peremptory Instruction—Pleading and Evidence.** Plaintiff as executor sued defendant for the sum of $750, alleged to have been collected by defendant as attorney for the estate of which plaintiff was executor. Defendant answered, pleading that he had collected only $620, $220 of which was due him for fees and money disbursed, and that he had the balance, $400, in his possession. He testified to having collected $620, $220 of which he had spent as his own fee, and that he still had $400 belonging to the heirs of the estate. **Held,** under the admissions in defendant's answer, and under defendant's own testimony, it was not error to instruct the jury for a verdict in favor of the executor in a sum not less than $400.

3. **SAME — Action for Money Collected — Instruction — Attorney's Fees.** On the question of the amount of fees due defendant for his services, the court instructed the jury as follows: "In ascertaining the reasonable value of the attorney's fees of defendant, in the litigation wherein said fees are claimed, you will consider the nature of the litigation, the amount involved, and the interest at stake, the capacity and fitness of defendant to render said services, the services and labor rendered by defendant, the length of time required to perform same, the benefit received by plaintiff from said litigation in the way of recovery, and you will look to all the evidence in the case and exercise your sound discretion and judgment thereon, and allow defendant such reasonable amount as you believe he is justly entitled to, not exceeding the sum of $200, the amount claimed by him." **Held,** this instruction was not prejudicial to the rights of defendant.

(Syllabus by Harrison, C.)

*Error from County Court, Seminole County;*
*T. S. Cobb, Judge.*

Action by H. M. Tate, executor of the estate of Dinah Johnson, deceased, against J. A. Baker. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. Guy Cutlip,* for plaintiff in error.

*Crump, Fowler & Skinner,* for defendant in error.

Opinion by HARRISON, C. This was an action by H. M. Tate, as executor of the estate of Dinah Johnson, deceased, against J. A. Baker as attorney for the heirs of deceased, to recover the sum of $750 alleged to have been collected for said heirs by J. A. Baker as their attorney and not paid over to said executor. The issues involved are briefly stated in the pleadings, the petition being as follows:

"Plaintiff states that he is the duly qualified and acting executor of the estate of Dinah Johnson, deceased, and as such brings this action against said defendant, and for cause of action plaintiff states: That on or about the 5th day of March, 1911, the said above-named defendant as attorney for said plaintiff in the case of said plaintiff against T. C. Phillips, collected and received from V. V. Harris the sum of $750, money belonging to said estate and to this plaintiff as executor of said estate, and which said moneys said defendant was bound and required, to pay over to this plaintiff within ten days, from the receipt thereof; that plaintiff has demanded payment of said sum of money from said defendant, but said defendant has failed and refused to pay the same, or any part thereof. Wherefore, plaintiff prays judgment. * * *"

The answer is as follows:

"Now comes the defendant, and for plea and answer to plaintiff's petition and the allegations therein contained this defendant denies each and every allegation therein contained. This defendant says that he did collect of and from one V. V. Harris the sum of $620, of which said sum there was due this defendant for fees and disbursements the sum of $220, but that this sum was not collected for the said H. M. Tate as executor or in any other capacity whatever, and that the money did not belong to the estate of the said Dinah Johnson, deceased, all of which was well known to the said plaintiff when he filed his petition. This defendant says that the allegation in plaintiff's petition 'that this defendant collected said money as the attorney of said H. M. Tate' is wholly and entirely untrue, and was known to the said plaintiff to be untrue when he made it. Wherefore, judgment is asked. * * *"

The cause was tried, resulting in a verdict and judgment for plaintiff in the sum of $500, and from such judgment and the order overruling motion for a new trial, defendant appeals upon eight assignments of error, seven of which are presented and argued in the brief.

However, the material errors occurring at the trial consisted principally in the rejection of testimony offered by defendant; and, while defendant has presented such errors in his petition in error, yet, as they were not presented to the trial court in the motion for a new trial, they cannot be considered here. In *Glaser v. Glaser,* 13 Okla. 389, 74 Pac. 944, this court, speaking through

Burford, C. J., in a case presenting the identical question presented by the case at bar, held:

"The plaintiffs bring the cause here for review, and in their brief strenuously. contend that the trial court erred in admitting in evidence the deeds from the deceased to the defendants, for the reason that they did not bear revenue stamps, and also in giving one of the instructions to the jury. Neither of these alleged errors are properly before this court. The statute (section 4493, Wilson's Rev. & Ann. St. [Rev. Laws 1910, sec. 5033]) prescribed eight several specific grounds for which a new trial may be granted. The eighth cause is: 'Error of law occurring at the trial, and excepted to by the party making the application.' This ground for new trial embraces every ruling of the trial court, from the time the impaneling of the jury begins until the verdict of the jury is received and recorded, and where a motion for new trial is properly made, embracing such cause, and is overruled by the trial court, an assignment of error in this court, to the effect that 'the trial court erred in overruling the motion for new trial,' will bring up for review every ruling of the trial court properly excepted to at the time, including instructions given or refused when proper exceptions were saved."

After setting out in full the motion for new trial the court continues:

"This motion contains but one statutory ground, and that presents the question of the sufficiency of the evidence to support the verdict. The allegations that the court erred in its instructions to the jury should have been presented under the eighth ground for new trial, viz.: 'Error of law occurring at the trial and excepted to by the party making the application.' · And while an assignment in the motion for new trial is sufficient if stated in the statutory language, yet it was held in *Marbourg v. Smith,* 11 Kan. 554, that if, instead of following the language of the statute the moving party specifically and minutely points out the errors of which he complains, it will be sufficient. And this court, in *Boyd v. Bryan et al.* [11 Okla. 56, 65 Pac. 940] *supra,.* followed the same practice.   *   *   *   The plaintiffs in error have, in their petition in error in this court, made specific assignments, complaining of the rulings of the trial court during the progress of the trial, both as to the giving of the instructions and the exclusion and admission of evidence. Such assignments in this court are not available in the absence of a motion for new trial properly embracing the errors complained of and passed on by the trial court. If the matters complained of have been prop-

erly embraced in the motion for new trial and the same presented to the trial court, and there overruled, then an assignment of error in this court, to the effect that the trial court erred in overruling the motion for new trial, presents to this court for review every matter properly included in the motion for new trial. But this court will not reverse a case for errors of the trial court not presented to and passed upon by such court. Any cause for which a new trial may be granted is deemed waived by failure of the objecting party to move for a new trial upon such ground. *Nesbit v. Hines,* 17 Kan. 316; *Atchison v. Byrnes,* 22 Kan. 65; *Lucas v. Sturr,* 21 Kan. 480. A motion for new trial is essential in order to give the trial court an opportunity to review its rulings, and if need be to correct errors which it may have committed, and a failure to present alleged errors to the trial court by a motion for new trial will be deemed a waiver, and the Supreme Court will not review such alleged errors unless presented by a motion for new trial. *De Berry v. Smith,* 2 Okla. 1 [35 Pac. 578]; *Wood v. Farnham,* 1 Okla. 375 [33 Pac. 867]; *Vaughan L. Co. v. Mo. M. & L. Co.,* 3 Okla. 174 [41 Pac. 81]; *Carter v. Mo. M. & L. Co.,* 6 Okla. 11 [41 Pac. 356]; *Beberstein v. Terr.,* 8 Okla. 467 [58 Pac. 641]; *Boyd v. Bryan,* 11 Okla. 56 [65 Pac. 940]; *Decker v. House,* 30 Kan. 614 [1 Pac. 584]; *Atchison v. State ex rel.,* 34 Kan. 379 [8 Pac. 367]; *Hardwick v. Atkinson,* 8 Okla. 608 [58 Pac. 747]."

We quote at length from the opinion, *supra,* because it passes upon all the questions involved in the case at bar, and fully discusses all the reasons for so holding, and because the rule therein announced has become the settled rule of this court. See *Garner v. Scott,* 28 Okla. 646, 115 Pac. 789.

The fifth assignment in the petition in error is as follows:

"V. The said court and T. S. Cobb, the presiding judge, erred in the rulings upon the admission of the evidence and the remarks of the presiding judge of the evidence and the probative force and effect of the evidence made during the trial of said case, and in the presence and hearing of the jury as shown by the record of the case. * * *

"VI. The said court erred in examining witnesses on the part of the defendant in error as shown by Exhibit A. * * * "

These errors were not presented to the trial court in the motion for new trial, and under the rule announced in *Glaser v. Glaser, supra,* they will not be reviewed here.

It is true that plaintiff in error presented certain specific errors in his motion for new trial, which, from the record, were duly excepted to at the time, and which, under the rule in the Glaser case, *supra*,, may be reviewed here, such specific errors being that the court erred in forcing defendant to trial during the term at which the trial was had, and in overruling defendant's motion for continuance, and in giving certain instructions, and in refusing certain instructions, each of which was specifically set out in the amended motion for new trial.

As to the instructions complained of, we find no material error, for, upon the testimony which went to the jury, the executor was entitled to a peremptory instruction for judgment in a sum not less than $400. Defendant stated in his answer, as may be observed, that he collected $620, $220 of which he retained to himself as fees and for money disbursed by himself, alleging, however, that the money was not collected for H. M. Tate, executor, nor for the heirs of Dinah Johnson, deceased. This, upon his own pleading, left $400 that belonged to some one else than himself. He testified that he had $400 belonging to the heirs after having deducted his fee in the sum of $220. On page 15 of the record the following questions and answers appear:

"Q. Now, you collected $245 in this case and $220 went for fees and disbursements? A. Yes, sir. Q. Where is the rest of that money now? A. I have got—that is, I have got $400 that I am keeping for the heirs. Q. In the bank? A. No, sir; I have got $400, and that's all I have got. Q. You have spent the balance? A. Yes, sir; I spent it. * * *"

It is also admitted in the record that H. M. Tate was the duly qualified and acting executor of the estate of Dinah Johnson, deceased. Hence, as defendant confessed in his pleading to have collected $620, and stated in his testimony that he had collected such amount, $220 of which he had spent as his own fee, and that the balance he was keeping for the heirs of Dinah Johnson, and H. M. Tate being the executor of the estate of deceased, and, under the statutes, being entitled to the funds received or collected for such estate (section 5347, Comp. Laws 1909 [Rev. Laws 1910, sec. 6301]), we see no error in the court's peremptory instruction against defendant for the $400.

The other instruction complained of is as follows:

"In ascertaining the reasonable value of the attorney's fees of defendant in the litigation wherein said fees are claimed, you will consider the nature of the litigation, the amount involved, and the interest at stake, the capacity and fitness of defendant to render said services, the services and labor rendered by defendant, the length of time required to perform same, the benefit received by plaintiff from said litigation in the way of recovery, and you will look to all the evidence in the case, and exercise your sound discretion and judgment thereon, and allow defendant such reasonable amount as you believe he is justly entitled to, not exceeding the sum of $200, the amount claimed by him."

We are unable to see wherein this instruction would materially prejudice the rights of defendant.

As to the assignment that the court erred in forcing defendant to trial during a term at which the cause had not been regularly assigned for trial, and the assignment of error that the court erred in overruling defendant's motion for a continuance, they might be well taken and considered materially prejudicial to defendant's rights but for the fact that the issues made by the pleadings are settled by defendant's own testimony, the issue being that defendant had certain moneys belonging to the heirs of the estate of the deceased, and defendant's own testimony being that he had collected $620 for such heirs, $400 of which he was now keeping for such heirs, and that he had spent the balance as his own fee. Having confessed this in his testimony, the only remaining issue to be tried by the jury was what his services were reasonably worth, and from the verdict returned by the jury it appears that he was allowed $120 for his services. This may or may not have been an adequate amount to compensate him for his services, but the same was determined by the jury under what we believe an instruction that was fair to defendant, at least, not prejudicial to him.

Hence, upon the entire record as presented here, the judgment of the trial court must be affirmed.

By the Court: It is so ordered.