WILLIAM WAMSLEY V. THE TERRITORY OF OKLAHOMA.

NEW TRIAL—*Procedure.* Where, upon the trial of a defendant charged with a felony, after conviction a motion in arrest of judgment and a motion for a new trial are filed and overruled, and no exception taken thereto, or in any manner saved in the record, the supreme court will not reverse the lower court upon such motion.

*Error from the District Court of Canadian County.*

At the May term, 1894, of the district court of Canadian county, William Wamsley was tried, found guilty and sentenced for the crime of burglary. From such judgment he appeals.

*J. W. Talbot* and *Henderson & Warren*, for plaintiff in error.

*C. A. Galbraith, Attorney General*, for defendant in error.

The opinion of the court was delivered by

DALE, C. J.:    The plaintiff in error brings this case here, and asks a reversal upon the grounds that the court erred in overruling his motions in arrest of judgment and for a new trial. The defendant was tried and convicted of the crime of burglary, after which, through his counsel, he filed a motion in arrest of judgment, and a motion for a new trial, both of which were by the court below overruled, and upon the verdict of the jury, the defendant was sentenced to the penitentiary. It is impossible for us to consider the errors assigned, as no exception was asked or taken to the ruling of the court upon the motions; in fact, a thorough examination of the entire record has been made, and nowhere do we find an exception asked for or saved.

In this case, the defendant was arraigned upon the indictment, and plead thereto without objection. He went to trial without an objection to the introduction of evidence, and no objection appears to have been made or exception saved to the ruling of the court upon the motion for a new trial and in arrest of judgment. Section 10, ch. 68, Code of Criminal Procedure, gives the defendant the right to except to the ruling of a court in granting or refusing a motion in arrest of judgment or for a new trial, and the right to have the same incorporated in a bill of exceptions. Section 7, ch. 68, provides how exceptions shall be incorporated into a case-made. The law appears to be plain, and counsel who undertake to protect the rights of a person charged with crime ought to observe the rules laid down for the benefit of their clients, if they wish to have alleged errors reviewed in the supreme court. In this case, as no exceptions have been taken or preserved, we can do nothing but affirm the judgment of the court below. (*City of Atchison v. Byrns*, 22 Kan. 65;

County Commissioners v. Seawell.

*U. S. v. Duggins*, advance sheets Pac. Rep. July 11, 1895, p. 707.)

The judgment is affirmed.

Burford, J., having presided at the trial in the court below, not sitting; all the other Justices concurring.