CITY OF ENID V. CLARA WIGGER.

(Filed June 11, 1904.)

**PRACTICE—Motion to Dismiss Appeal.** A judge of the district court has the authority in law to sign and settle a case made while at a place outside of his judicial district, and within the Territory.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before Clinton F. Irwin, Trial Judge.*

*Houstin James* and *W. H. Hills,* for plaintiff in error.

*Whittinghill & Hubbell,* for defendant in error.

Opinion of the court by

BURWELL, J.:   A motion to dismiss the appeal has been filed on the ground that the trial judge settled the case made at a place outside of the judicial district wherein the trial was had.   This same question has been before this court a number of times, and it has been universally held that the judge who tried the case, during his term or after it has expired, may sign and settle a case made anywhere in the Territory or even outside of the Territory.   It is true that a district judge has no judicial powers outside of his district except in special instances, as where he is in attendance upon the supreme court, but the settling of a case made is not a judicial act as contemplated by that rule. The trial judge is required to settle a case made because of his personal recollection of what transpired on the trial, and

his memory ordinarily would be just as good outside of the district as within it.

In the case of Erisman v. Kerwin, filed in this court on June 4, 1897, the case made was settled in the city of New York by the Hon. Henry W. Scott, after he had retired from the bench, and the appeal was considered and the case decided upon its merits. Had this court not recognized the settling of the case made, the right of appeal would have been denied altogether, as one whose term of office has expired should not be required to make a trip from New York City to Oklahoma for the purpose of settling a case made, nor could he be compelled to do so. Therefore reason teaches and experience has demonstrated the wisdom of the rule stated, and we are unwilling to deny the right of a district judge to sign and settle a case made outside of his district and within the Territory. The settling and signing of a case made is an act ministerial in its nature, although required to be performed by one clothed with, or who has been clothed with judicial power. The motion to dismiss is overruled, and the case will be taken and determined upon its merits.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.