## CITY OF ENID v. CLARA WIGGER.

(Filed September 5, 1905.)

1. APPEAL—Settling and Signing Case for Supreme Court. A case for the supreme court must be settled and signed by the judge trying the same, but need not be settled and signed in the district where the case is tried. A case settled and signed by the judge out of the district where the same was tried, but within the territory and within a district where he is then exercising judicial powers, is properly signed and settled.

2. ERROR—Waiver. Failure to except to the overruling of a motion for a new trial is a waiver of error as to such ruling, and all alleged errors of law occuring at the trial for which a new trial might be granted. Following Vaughn Lumber Co., v. Missouri Lumber Co. 3 Okla. 174., also City of Atchison v. Byrnes, 22 Kans. 65.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before Hon. C. F. Irwin, Trial Judge.*

*W. H. Hills, City Att'y.* and *Houstin James,* for plaintiff in error.

*Wittinghill & Hubbell* for defendant in error.

Opinion of the court by

GILLETTE, J.: A motion to dismiss the proceedings in error herein has been filed in this court, which motion is, omitting the caption, in the following words:

"Comes now the said defendant in error, Clara Wigger, and moves the court to dismiss the said petition in error, filed in this case for the reasons: First, the case made filed in this cause was settled, certified and signed by the Hon. Clinton F. Irwin, the judge who tried the cause at a place outside of the fifth judicial district, in which said cause was tried, to wit,

the city of El Reno, in the second judicial district of said Territory; second, that the plaintiff in error did not except to the overruling of its motion for a new trial which was filed and presented to the court below, and hence there is nothing before the court for review."

In support of the first ground of this motion said defendant files an affidavit marked Exhibit "A." In support of the second ground of this motion said defendant in error submits the journal entry of the order overruling said motion for a new trial, as same appears on page 153 of the case-made herein, which order reads as follows:

"And now on this 5th day of December, 1903, the same being one of the judicial days of this term of this court the above entitled cause comes on to be heard upon defendant's motion for new trial, and the plaintiff appearing by her attorneys, Whittinghill & Hubbell, and the defendant by its attorneys, H. G. McKeever, city attorney, and Houstin James, the said motion is submitted to the court, who upon consideration thereof overruled the same. And it is by the court ordered that the plaintiff have judgment in conformity to the verdict returned herein.

"It is therefore considered and adjudged by the court that said plaintiff Clara Wigger have and recover of the said defendant, City of Enid, the sum of one thousand dollars together with the costs of this case, for the payment of which it is hereby ordered that the defendant, City of Enid, shall through its proper authorities levy a sufficient tax upon the taxable property of said city, provided that all proceedings to enforce such levy are stayed for ninety days to allow petition in error to be filed, and in case a petition in error is filed within ninety days then all further proceedings are stayed until the same is heard in the supreme court.

"To which judgment defendant excepts and is by the court given sixty days in which to make and serve a case

made for the supreme court, and plaintiff is given ten days to suggest amendments, the case to be signed and settled upon five days notice.

"O. K.

> "WHITTINGHILL & HUBBELL,
> "Attorneys for plaintiff.
> "McKEEVER & JAMES,
> "Attorneys for defendant.
> "C. F. IRWIN,
> "Judge"

It must be conceded that the settling and signing of a case made (by the judge trying the cause) is the exercise of a judicial power, and a judicial function, and one which the law has conferred upon the judge trying the cause and upon no one else. Another judge, while acting as judge of the district, may extend the time within which it is to be done, but the judge who tried the case must pass upon a motion for a new trial, and must settle and sign the case when prepared for the supreme court.

It appears from the record in this case that the judge of the second judicial district was specially directed and empowered to exercise the powers and functions of the judge of the fifth judicial district in the county of Garfield. For the time being, and as to the special business by him transacted he was the judge of the fifth judicial district. As to that business his judicial power and authority to hear and determine the cause was limited to that district, and must be exercised within the district. In making and settling a case made for the supreme court by the judge who tried the case is it necessary that he should act in that behalf within the district in which the case was tried? It must be conceded that the power to act in settling and signing a case made is not bound by the same rules with reference to jurisdiction as are

questions which arise upon a trial of a cause, for there the jurisdiction is limited to the county, while in settling a case made the jurisdiction of the judge is at chambers, and may be exercised anywhere in the district.

This is the rule in the states where the judicial jurisdiction can only be exercised in the district where they arise, and where a judge elected for a district may only act, but in this Territory the judges are territorial judges appointed to seats upon the supreme bench of the Territory. Districts are assigned to each, it is true, by the supreme court, but the district may be changed at ·the will of the supreme court, and the judge of any district may at any time be assigned to preside over some other district. This presents quite a different status from that found in the states, especially the state of Kansas, the authority of which is relied on in presenting this motion.

To hold here that a judge must travel over the territory in the exercise of his jurisdiction at chambers in each matter that might rightfully come before him as judge · in such county, would be to fix a rule that not only would work hardship but because of the loss of time would be of great detriment to the public business. We hold that under the peculiar provisions of the law in Oklahoma, a judge may settle and sign a case made at any place in the Territory of Oklahoma where the judge at the time may be in the discharge of official duty under the laws of the Territory.

This holding is not in conflict with the case of *Sigman v. Pool,* 5 Ok. 677, for in that case the judge acted outside of the Territory. In this case, Mr. Justice Irwin, presiding judge of the second judicial district, was lawfully assigned to try the case in question, to the fifth judicial district, and

finally settled the case made at El Reno in the second judicial district. This, we think, he had a right to do; and the motion, for the reasons here stated, will be denied.

From the record it also appears that no exception was saved to the order of the court overruling the motion for a new trial, and as all the errors alleged and set out in the petition in error, are errors occurring on the trial of the cause, it follows there is nothing before the court with which the plaintiff in error was not satisfied in the court below. At all events there is nothing before this court calling for affirmation or reversal. (*City of Atchison v. Byrns*, 22 Kan. 65; *Vaughn Lumber Co. v. Mo. Mining Co.* 3 Ok. 174; *Longfellow v. Smith*, 61 Pac. 875.)

The opinion in this case, 14 Okla. 176, is modified to conform to the views herein expressed. The motion in this court, to dismiss the appeal upon the ground that no exception was taken to the order of the trial court overruling the motion for a new trial must therefore be granted, and the appeal dismissed at the cost of the plaintiff in error.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.