ALEXANDER *et al.* v. OKLAHOMA CITY.

No. 2107, Okla. T.    Opinion Filed December 21, 1908.

(98 Pac. 943.)

**APPEAL AND ERROR—Refusal of New Trial—Waiver of Errors.**
Failure to except to the overruling of a motion for a new trial
is a waiver of error as to such ruling, and all alleged errors of
law occurring at the trial for which a new trial might be granted.

(Syllabus by the Court.)

*Error· from District Court, Oklahoma County; B. F. Burwell,
Judge.*

Action by John S. Alexander and others against the city of
Oklahoma City. Judgment for defendant, and plaintiffs bring
error. Dismissed.

On February 28, 1903, J. S. Alexander, W. M. Smith, C. J.
Bowman, Julia Dunham, and Pearl Dunham, plaintiffs in error,
plaintiffs below, sued the city of Oklahoma City, territory of Ok-
lahoma, defendant in error, defendant below, in the district court
of Oklahoma county, and in their petition alleged themselves to
be the legal and equitable owners of lots 9 and 10 in section 4,
township 11 north, of range 3 W., I. M., in said county; that the
defendant is a municipal corporation organized under the laws of
the territory of Oklahoma; that said land lies contiguous to certain
land owned by the defendant, and is a part of the same quarter
section; that the north Canadian river running east and west di-
vides the tracts, that the land of the city lies upon the north
bank, and plaintiffs' land upon the south bank, of said river; that
defendant had unlawfully built a dam across said river, which ex-
tends from north to south across said river, and joined it to said
land belonging to plaintiffs near the northeast corner thereof; that
defendant, by recently raising said dam on the south side of said
river to a height of about 3 feet, and by erecting a breakwater

some 1,500 feet upstream, and some 40 feet along the north bank of its land, so changed the current of said river as to throw it against the south bank of said river and overflow some 30 acres of plaintiffs' land, and by so erecting said dam caused the water to be backed up and forced over plaintiffs' land some 3 to 5 feet deeper than it otherwise would have been during the spring of 1903 and 1904, to their damage $4,000, for which they pray judgment, and for the abatement of the same as a nuisance, and that the city be perpetually enjoined and restrained from maintaining said dam and breakwater.

After demurrer thereto filed and overruled, defendant on October 3, 1903, filed answer, in effect, a general denial except as to its corporate existence and that plaintiffs were owners of the land described in their petition.

On April 14, 1905, there was trial to a jury, and special findings and a general verdict in favor of defendant, upon which the court rendered judgment for defendant and against plaintiffs, taxing them with the costs, from which said judgment plaintiffs appealed and prosecuted said case by petition in error and case-made to the Supreme Court of the territory of Oklahoma, and the same is now before us for review as successor of that court.

*J. S. Jenkins,* for plaintiffs in error.

*W. R. Taylor,* for defendant in error.

TURNER, J. (after stating the facts as above). The main question of fact tried in this case was whether the breakwater erected by defendant 1,500 feet above the dam, and 40 feet along the north bank of the stream, threw the current of the river against the south bank in such a way as to hurl it against the south end of the dam and caused the washing away of plaintiffs' land across the dam at the south end and, during the high water of 1903, forced it back upon plaintiffs' land, or whether, as contended by defendant, the dam had nothing to do with the injury complained of, but that a gorge some 350 feet below the dam during said high water became so congested as to submerge

the dam and erode the bank at its south end and forced the water back upon said land. After a fair trial, so far as we can see, and after much expert testimony and the introduction of three blue-prints, showing every phase of the contention the jury returned special findings and a general verdict for the defendant. As there is no motion by plaintiffs for judgment *non obstante* upon the special findings, we cannot pass upon the question whether they were sufficient to support the general verdict, and as the record shows that no exception was taken to the instructions of the court to the jury, either separate or as a whole, we cannot consider any error alleged therein. *Carter & Brothers v. Missouri Mining & Lumber Company,* 6 Okla. 11, 41 Pac. 356. As the record also shows that no exception was saved to the order of the court overruling plaintiffs' motion for a new trial, and as the errors set forth in the petition in error are alleged to have occurred on the trial of the cause, it follows that there is nothing before us for review. *City of Enid v. Wigger,* 15 Okla. 507, 85 Pac. 697; *Vaughn Lumber Co. v. Missouri Lumber Co.,* 3 Okla. 174, 41 Pac. 81; *City of Atchison v. Byrnes,* 22 Kan. 65, and cases there cited.

The appeal is therefore dismissed.

All the Justices concur.