KEE v. PARK *et al.*

No. 1192.    Opinion Filed March 19, 1912.

(122 Pac. 712.)

**APPEAL AND ERROR—Review—Motion for New Trial—Necessity.**
Error occurring during the trial cannot be considered by the Supreme Court, unless a motion for a new trial, founded upon and including such errors, has been made by the complaining party and acted upon by the trial court, and its ruling excepted to, and afterwards assigned for error in the Supreme Court.

(Syllabus by Brewer, C.)

*Error from District Court, Dewey County;*
*G. A. Brown, Judge.*

Action by O. B. Kee against Clarence A. Park and Mary Park. Judgment for defendants, and plaintiff brings error. Affirmed.

*Peter H. Morgan,* for plaintiff in error.

*Hickok & Myers,* for defendants in error.

Opinion by BREWER, C. This is a suit on two promissory notes and to foreclose a mortgage on certain real estate. It was filed in the district court of Dewey county on the 18th day of May, 1908. The petition is in the usual and proper form. The land involved is the S. ½ of the N. E. ¼ and the S. E. ¼ of the N. W. ¼ and the N. E. ¼ of the S. W. ¼ of section 29, township 17 N., range 17 W., of the Indian base and meridian, Dewey county, Okla. The answer set up as a defense to the notes and mortgage a want of consideration and fraud and duress. The reply was a general denial. Upon issues joined the cause was tried to a jury, and verdict for the defendants in

error, who were defendants in the trial court. A motion for new trial was filed and overruled, and no exceptions are noted, or anywhere appear in the record, to the action of the court in overruling the motion for new trial. The attorney for plaintiff in error filed a motion in this court supported by affidavit to withdraw the case-made, for the purpose of having the trial court correct the record to show that, in fact, exceptions were taken to the action of the trial court in overruling the motion for new trial. This was permitted, but the trial court, upon hearing, refused to make any change in the record.

The only errors relied on here are errors alleged to have occurred at the trial of the cause. In the absence of exceptions, properly reserved to the overruling of the motion for a new trial, the errors assigned cannot be reviewed, under the decisions of this court.

In *Alexander v. Oklahoma City*, 22 Okla. 838, 98 Pac. 943, it is said:

"Failure to except to the overruling of a motion for a new trial is a waiver of error as to such ruling and all alleged errors of law occurring at the time for which a new trial might be granted."

In *Stinchcomb v. Myers*, 28 Okla. 597, 115 Pac. 602, it is said:

"Errors occurring during the trial cannot be considered by the Supreme Court, unless a motion for a new trial, founded upon and including such errors, has been made by the complaining party and acted upon by the trial court, and its ruling excepted to, and afterwards assigned for error in the Supreme Court."

*Ahren-Ott Mfg. Co. v. Condon*, 23 Okla. 365, 100 Pac. 556; *Gill v. Haynes*, 28 Okla. 656, 115 Pac. 790; *Garner v. Scott*, 28 Okla. 646, 115 Pac. 789.

There being nothing presented by the record for this court to review, the cause should be affirmed.

By the Court: It is so ordered.