## ST. LOUIS & S. F. R. CO. v. LEAKE *et al.*

No. 1622. Opinion Filed March 19, 1912.

Rehearing Denied June 4, 1912.

(123 Pac. 1125.)

APPEAL AND ERROR—Motion for New Trial—Necessity. Errors occurring during the trial cannot be considered by the Supreme Court unless a motion for a new trial, founded upon and including such errors, has been made by the complaining party and acted upon by the trial court, and its ruling excepted to, and afterwards assigned for error in the Supreme Court.

(Syllabus by Brewer, C.)

*Error from Dewey County Court;*
*S. M. Byers, Judge.*

Action by J. B. Leake and E. Leake against the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

*Hickok & Myers,* for defendants in error.

Opinion by BREWER, C. This is a suit for damage arising out of a shipment of household goods. It was filed April 12, 1909, by defendants in error, as plaintiffs below, in the county court of Dewey county. After answer and reply, the issues being joined, there was, on September 23, 1909, a jury trial, and a verdict returned by the jury in favor of the plaintiffs below in the sum of $83.25. A motion for a new trial was filed, and on the 1st day of October, 1909, the same was overruled by the court.

Plaintiff in error specifies and urges the following errors, to wit: The overruling of its demurrer to the evidence; the giving of instruction No. 8; the refusal of instruction No. 14; and overruling of a motion for a new trial. A careful examination of the record fails to show that the defendant below, plaintiff in error, made any objection or took exception to the action of the court in overruling the motion for a new trial. The grounds urged here for a reversal of this case being on account of alleged errors occurring upon the trial, and to present which errors a motion for a new trial was necessary, in the absence of exceptions to the order overruling the motion for a new trial, there is no question presented here for review.

In *Alexander v. Oklahoma City,* 22 Okla. 838, 98 Pac. 943, it is said:

"Failure to except to the overruling of a motion for a new trial is a waiver of error as to such ruling and all alleged errors of law occurring at the time for which a new trial might be granted."

In *Stinchcomb v. Myers,* 28 Okla. 597, 115 Pac. 602, it is said:

"Errors occurring during the trial cannot be considered by the Supreme Court unless a motion for a new trial, founded upon and including such errors, has been made by the complaining party and acted upon by the trial court, and its ruling excepted to, and afterwards assigned for error in the Supreme Court."

*Ahren-Ott Mfg. Co. v. Condon,* 23 Okla. 365, 100 Pac. 556; *Gill v. Haynes,* 28 Okla. 656, 115 Pac. 790; *Garner v. Scott,* 28 Okla. 646, 115 Pac. 789.

The cause should be affirmed.

By the Court: It is so ordered.