### GREER v. MOORMAN et al.

No. 5169. Opinion Filed October 7, 1913.

(135 Pac. 736.)

**APPEAL AND ERROR**—Exception Below—Waiver of Error. Failure to except to the overruling of a motion for a new trial is a waiver of error as to such ruling and all alleged errors of law occurring at the trial for which a new trial might be granted.

(Syllabus by the Court.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action between B. J. Greer and J. A. Moorman and others. From an adverse judgment, Greer brings error. Dismissed.

*J. E. Whitehead,* for plaintiff in error.

*Stevens, Myers & Orr,* for defendant in error.

KANE, J. This cause comes on to be heard upon a motion to dismiss the appeal, upon the ground, among others, that there are no questions for review properly presented to this court.

The motion to dismiss must be sustained. The record shows that final judgment was entered on the 3d day of December, 1912; that on the 6th day of said month the losing party filed his motion for a new trial, which was overruled on the next day. The court gave the appellant 60 days within which to make and serve a case-made, ten days to suggest amendments, the case to be signed and settled upon five days' notice by either party. No exception was taken to the order of the court overruling the motion for a new trial. On the 30th day of May, 1913, this proceeding in error was filed in the Supreme Court.

The petition in error attached to the record in this court assigns only errors which the law requires to be presented to the court below by motion for new trial. As no exception was taken to the action of the court below in overruling the motion for a new trial, there is no question for review properly presented to this court. The rule is that "failure to except to the overruling of a motion for a new trial is a waiver of error as to such ruling, and all alleged errors of law occurring at the trial for which a new trial might be granted." *Alexander v. Oklahoma City,* 22 Okla. 838, 98 Pac. 943. In a later case, *Kee v. Park,* 32 Okla. 302, 122 Pac. 712, the same rule is more fully stated as follows:

"Error occurring during the trial cannot be considered by the Supreme Court, unless a motion for new trial, founded upon and including such errors, has been made by the complaining party and acted upon by the trial court, and its ruling excepted to, and afterwards assigned for error in the Supreme Court."

Other cases in point are *Vaughn Lumber Co. v. Missouri Mining & Lumber Co.,* 3 Okla. 174, 41 Pac. 81; *City of Enid v.*

*Wigger,* 15 Okla. 507, 85 Pac. 697; *Wamsley v. Territory,* 3 Okla. 279, 41 Pac. 600, and *Martin v.. Hubbard,* 32 Okla. 2, 121 Pac. 620.

The motion to dismiss is sustained.

HAYES, C. J., and WILLIAMS, J., concur. TURNER and LOOFBOURROW, JJ., absent.