## AVERY *et al.* v. HAYS.

No. 3733. Opinion Filed August 25, 1914.

Rehearing Denied September 22, 1914.

1. **APPEAL AND ERROR—Review—Assignment of Error—Ruling on Motion for New Trial.** Errors occurring during the trial cannot be considered by the Supreme Court, unless the ruling of the trial court on the motion for a new trial is assigned as error.

2. **QUIETING TITLE—Parties—Petition—Sufficiency.** Petition examined and held to state a cause of action, under section 6121, Comp. Laws, 1909 (Rev. Laws 1910, section 4927).

(Syllabus by Rittenhouse, C.)

*Error from District Court, Mayes County;*
*Preston S. Davis, Judge.*

Action by Craig C. Hays, a minor, by Jerry V. Hays, his guardian, against P. Avery, Citizens Bank & Trust Co., of Pryor Creek, Okla., M. W. Krotzner, and Henry F. Hale. Judgment for plaintiff, and defendants bring error. Affirmed.

*A. W. Fisher, I. C. Duckworth, O. H. Graves,* and *B. Kirkpatrick,* for plaintiffs in error.

*J. Howard Langley,* for defendant in error.

Opinion by RITTENHOUSE, C. This court has repeatedly held that errors occurring during the trial cannot be considered unless a motion for a new trial has been made by the complaining party, and acted upon by the trial court, and its ruling assigned as error in the Supreme Court. *Kee v. Park et al.,* 32 Okla. 302, 122 Pac. 712; *Stinchcomb v. Myers,* 28 Okla. 597, 115 Pac. 602; *St. Louis & S. F. R. Co. v. Leake et al.,* 34 Okla. 77, 123 Pac. 1125. The plaintiffs in error, defendants below, have not assigned as error the ruling of the court upon the motion for a new trial, and therefore we cannot consider the errors alleged to have occurred during the trial.

The only question remaining for our consideration is, the sufficiency of the petition as against a demurrer on the ground

that the petition does not state facts sufficient to constitute a cause for action. The petition alleges in substance that the plaintiff claims to be the legal and equitable owner of the lands in controversy by allotment as a member of the Cherokee Tribe of Indians, and describes in said petition the land with convenient certainty as provided by section 5667, Comp. Laws 1909 (Rev. Laws 1910, sec. 4778), and alleges plaintiff's possession thereof; that the defendants and each of them claim an estate in said lands adverse to the plaintiff, the nature of which is set out in the petition in general terms, and asks that the defendants and each of them be required to set forth the nature of their respective claims to said premises; that the court decree plaintiff's claim to and the title in said premises to be valid and perfect, and that the defendants and each of them have no interest, right, title, estate or lien upon said lands, and that said defendants be enjoined from claiming any interest therein, and for such other relief as plaintiff may be entitled to, and costs of suit. This petition fully complies with section 6121, Comp. Laws 1909 (Rev. Laws 1910, sec. 4927), which provides that an action may be brought by any person in possession against any person claiming an estate or interest therein, for the purpose of determining such adverse estate or interest. This section has been construed in the case of *Lawrence v. Estes et al.,* 29 Okla. 328, 116 Pac. 781, wherein it was held that a petition which substantially complies with section 6121, *supra,* was sufficient as against a general demurrer, and under authority of that case we hold the petition under consideration states a cause of action.

The cause should, therefore, be affirmed.

By the Court: It is so ordered.