## JONES *et al.* v. JONES *et al.*

No. 4010.   Opinion Filed September 15, 1914.

(143 Pac. 37.)

APPEAL AND ERROR—Waiver of Error—Denial of New Trial—Failure to Except. A failure to except to the order of the trial court overruling a motion for new trial is a waiver of error as to such ruling, and all alleged errors of law occurring at the trial for which a new trial might be granted.

(Syllabus by the Court.) ·

*Error from County Court, Beaver County;*
*Geo. H. Healy, Judge.*

Action between William I. Jones and others and Winona Jones and others.   From the judgment, the parties first mentioned bring error.   Dismissed.

*Claude T. Smith* and *E. J. Dick,* for plaintiffs in error.

*Dickson, Rush & Dickson* and *Gray & McVay,* for defendants in error.

KANE, C. J.   This cause comes on to be heard upon the motion of the defendants in error to dismiss the appeal, upon the ground that all the errors assigned in the petition in error filed in said proceeding in error, are alleged errors occurring at the trial of said cause for which a new trial could have been granted by the trial court; that whilst said assignments of error were incorporated in a motion for new trial, and duly presented to the trial court for re-examination, no objection was made or exception saved to the action of the trial court in overruling said motion for new trial; that the failure to object or except to the action of the trial court in overruling the motion for new trial operated as a waiver of all errors occurring at the trial for which a new trial might have been granted.

We have examined the record, and find that the errors assigned in this court are all of the class that must be presented to the trial court for re-examination by a motion for new trial

before they are reviewable in this court, and that no objection was made or exception saved to the action of the trial court in overruling the motion for new trial. The authorities abundantly sustain the contention of counsel for defendants in error that a failure to except to the order of the trial court overruling a motion for new trial is a waiver of error as to such ruling, and all alleged errors of law occurring at the trial for which a new trial might be granted. *City of Enid v. Wigger*, 15 Okla. 507, 85 Pac. 697; *Alexander v. Oklahoma City*, 22 Okla. 838, 98 Pac. 943; *City of Atchison v. Byrnes*, 22 Kan. 65.

For the reason stated, the motion to dismiss the appeal must be sustained.

All the Justices concur.