## STARR *et al.* v. HAYGOOD.

No. 4526.   Opinion Filed September 14, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1157.)

1. **APPEAL AND ERROR—Presentation Below—Waiver of Error.** Failure to except to the overruling of a motion for a new trial is a waiver of error as to such ruling, and all alleged errors of law occurring at the trial for which a new trial might have been granted.

2. **SAME—Jurisdiction of Trial Court—Review.** In the absence of the right to examine proceedings in search of errors occurring at the trial, a contention that the county court was without jurisdiction of the subject-matter must be determined from a study of the pleadings alone.

3. **JUSTICES OF THE PEACE—Appeal—Jurisdiction of County Court—Dispute As to Title or Boundaries—Pleadings.** An examination of the pleadings in this case fails to show want of jurisdiction in the county court.

(Syllabus by Brewer, C.)

*Error from County Court, Muskogee County;*
*Thos. W. Leahy, Judge.*

Action by John Haygood against Burrell Starr and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*W. P. Z. German,* for plaintiffs in error.

*D. E. Herschelman,* for defendant in error.

Opinion by BREWER, C. John Haygood, the defendant in error, as plaintiff below, sued Burrell Star and Mun Brown in a justice of the peace court to recover for the use and occupation of a certain tract of land for the year 1911, and upon appeal to the county court judgment was rendered in his favor in the sum of $75. Said defendants below prosecute this appeal, as plaintiffs in error, upon petition in error and case-made, and assign the following errors: (1) Error in overruling motion for new trial; (2) error in refusing to instruct a verdict for defendants; (3) error in admitting evidence against defendants. These errors are such as occurred, if at all, at the trial; and defendant in error points out and urges in his brief that no objections were made by defendants below to the action of the court in overruling their motion for a new trial, and that therefore the errors of which they complain have not been properly saved, and cannot be presented and passed upon by this court. In this contention the defendant in error is correct. *Greer v. Moorman et al.,* 40 Okla. 30, 135 Pac. 736, and authorities therein cited.

Plaintiffs in error, however, while not combating the above proposition, insist that the court was without jurisdiction to hear and determine this cause, for the reason that it was a matter "wherein the title or boundaries of land may be in dispute or called in question," which questions are taken out of the jurisdiction of the county court

by section 12, art. 7, of the Constitution.  The jurisdiction of the court does not appear to have been challenged in either the justice of the peace court or in the county court in any way, nor was there a challenge made to the sufficiency of the petition by demurrer, motion, or otherwise, nor do the assignments of error as made in the petition in error raise the question.  But it is urged that a question of jurisdiction may be raised at any time; hence an attempt is made to show that the court below was without jurisdiction, and that therefore the cause should be reversed.  To support the claim that this suit involves the question of the title to land numerous authorities are cited, including *Link v. Schlegel,* 33 Okla. 458, 126 Pac. 576, *Northcutt v. Bastable,* 39 Okla. 124, 134 Pac. 423, *Marshall v. Burden,* 25 Okla. 554, 106 Pac. 846, and the more recent case of *Gross v. Baker,* 47 Okla. 361, 148 Pac. 734.  We have examined the cases cited and the discussion of the question, and find that in those cases the court reached the conclusion that the title to land was involved from an examination of the evidence introduced at the trial, which it took to make the fact appear.  In this case, however, we are not at liberty to resort to the examination of the evidence, for the reason given.  So in this situation it appears that the point is narrowed down to an examination of the record proper to determine the issues involved, and whether or not they lay outside the jurisdiction of the county court.  Approaching the matter in this way, we find that this is an ordinary suit to recover for the use and occupation of certain farming land for the year 1911.  The allegations, substantially stated, are that plaintiff below had a written contract for the use of the lands involved for the years 1910 and 1911; that the written contract, however, was

not of record; that defendant Starr and another person not sued (Starr's immediate grantor) had bought the land involved with full knowledge and notice of plaintiff's right to use the land for the year 1911; and that said Starr and his tenant, Brown, who farmed the land for that year, were answerable to plaintiff for the use and occupation thereof in a certain sum named in the petition. Defendants below filed a general denial for their answer, thus raising the issue to be tried. It does not seem to us that this issue would necessarily or ordinarily involve the question of the title or boundaries of land. Plaintiff's position is that he had a written contract with a former owner for the use of the land for 1911, the consideration for which he had fully paid to such former owner of said land, and that the subsequent purchasers had notice, and that, as they had taken possession of the land without right, and had farmed the same and received the use and profits thereof, they should be made to pay to plaintiff the reasonable value thereof. Standing thus, as the pleadings leave the issues, neither the title nor the boundaries of the land are necessarily in dispute. The evidence may have put it in dispute, but, as stated above, and for the reason given, we have laid the evidence out of the case.

Therefore, upon the record presented and considered, it does not affirmatively appear that error has been committed, and we recommend that the case be affirmed.

By the Court: It is so ordered.