## LEDGERWOOD v. NEAL.

No. 7626—Opinion Filed July 25, 1916.

(159 Pac. 292.)

**1. Appeal and Error—Assignments of Error —Case-Made Not Containing All the Evidence.**

Assignments of error, which require an examination of the evidence, will not be considered, where the case-made does not state by way of averment that it contains all the evidence.

**2. Same—Assignment of Error—Denial of New Trial.**

Errors alleged to have occurred during the progress of a trial cannot be considered by this court, unless the overruling of the motion for new trial is assigned as error.

(Syllabus by Edwards, C.)

Error from County Court, Kay County; Joshua L. Roberson, Judge.

Action by O. J. Neal against G. C. Ledgerwood for commission on sale of real estate. Judgment for plaintiff and defendant appeals. Dismissed.

J. E. Curran, for plaintiff in error.

Herman S. Gurley, for defendant in error.

Opinion by EDWARDS, C. The plaintiff sued in the county court of Kay county, Okla., to recover of the defendant an agent's commission for the sale of real estate. The case was tried to a jury, which returned a verdict for the plaintiff, upon which verdict the court rendered judgment. The defendant appeals.

The case-made before us does not appear to have been filed in the county court of Kay county, the court in which the case was tried, but does appear to have been filed in the district court of Kay county, and bears such indorsement. The case-made does not contain a recital that it contains all the evidence introduced in the trial of the case. The petition in error does not assign as error the overruling of the motion for new trial.

It is well settled that a case-made not filed with the papers in the case in the court below is a nullity, and cannot be considered in this court. Abbott v. Rodgers, 35 Okla. 189, 128 Pac. 908; Peck v. Stephens, 35 Okla. 468, 130 Pac. 276. This court takes judicial knowledge that the clerk of the county court and the clerk of the district court is the same person with the official title of court clerk. Whether or not, in a case where a party desiring to appeal deposits a case-made with the proper officer, for filing in the proper court, and said case-made is by such officer filed in a different court, of which court such officer is also clerk, is a fatal error, we express no opinion. But, in any event, as the case-made does not contain a recital that it contains all of the evidence introduced in the court below, this court has repeatedly held that it could not review any question which required an examination of the evidence. And, as the petition in error does not assign the overruling of the motion for new trial as error, errors alleged to have occurred during the progress of the trial cannot be considered in this court. Avery et al. v. Hays, 44 Okla. 71, 144 Pac. 624; Maddox v. Barrett, 44 Okla. 101, 143 Pac. 673; Nidiffer v. Nidiffer, 44 Okla. 218, 144 Pac. 350. This also has been repeatedly held by this court.

The appeal is dismissed.

By the Court: It is so ordered.