## NATIONAL SURETY CO. v. CITY OF HOBART.

No. 7832—Opinion Filed Jan. 30, 1917.
(162 Pac. 954.)

**Appeal and Error—Motion for New Trial—Exception—Waiver.**

A failure to except to the order of the trial court overruling a motion for a new trial is a waiver of error as to such ruling and all alleged errors of law occurring at the trial for which a new trial might be granted.

(Syllabus by Johnson, C.)

Error from District Court, Kiowa County; Thomas A. Edwards, Judge.

Action by the City of Hobart, Okla., against the National Surety Company. Judgment for plaintiff; and defendant brings error. Appeal dismissed.

J. D. Morse, H. L. Standeven, and J. C. Willingham, for plaintiff in error.

J. Garnett Hughes, for defendant in error.

Opinion by JOHNSON, C. Defendant in error urges a dismissal of this appeal upon the ground that all the errors assigned in the petition in error are alleged errors occurring at the trial of said cause for which a new trial could have been granted by the trial court; that while said assignments of error were incorporated in a motion for a new trial, and presented to the trial court thereupon, no objection was made or exception saved to the action of the trial court in overruling said motion for new trial; that the failure to object or except to the action of the trial court in overruling the motion for a new trial operated as a waiver of all errors occurring at the trial for which a new trial might have been granted.

We have examined the record, and find that the errors assigned in this court are all of the class that must be presented to the trial court for re-examination by motion for a new trial before they are reviewable in this court, and that no objection was made or exception saved to the action of the trial court in overruling the motion for a new trial.

It is a well-established rule in this court that a failure to except to the order of the trial court overruling a motion for a new trial is a waiver of error as to such ruling, and all alleged errors of law occurring at the trial for which a new trial might be granted. Jones et al. v. Jones et al., 43 Okla. 361, 143 Pac. 37; Greer v. Moorman, 40 Okla. 30, 135 Pac. 736.

Plaintiff in error filed in this cause a motion showing that in fact exception was taken to the order of the trial court overruling the motion for new trial and asking leave to have the case-made corrected to show such exception. This motion was sustained by this court, and plaintiff in error was allowed time within which to have such correction made; but such correction was not made within the time allowed, and no action has since been taken to have such correction made.

For the reasons stated, the appeal should be dismissed.

By the Court: It is so ordered.