**FAUNCE & SPINNEY v. SAM DAUBE & CO., et al.**

(173 Pac. 70.)
No. 8784—Opinion Filed May 21, 1918.

**Appeal and Error—Record—Review.**

Errors occurring during the trial, no record appearing upon the record proper, cannot be considered by the Supreme Court, unless the overruling by the trial court of motion for new trial is assigned as error.

(Syllabus by West, C.)

Error from District Court, Stephens County; Cham Jones, Judge.

Suit by Faunce & Spinney against Sam Daube & Co., and another. Demurrer to plaintiff's evidence sustained, and motion for new trial overruled, and plaintiff brings error. Dismissed.

J. L. C. Guest and Keaton, Wells & Johnston, for plaintiff in error.

Womack & Brown, for defendants in error.

Opinion by WEST, C. This suit was instituted by plaintiff in error, plaintiff below, against defendants in error, defendants below, upon two open accounts. The parties will be hereinafter referred to as they appeared in the court below. The petition in the case is in two counts, one for $193.67, and one for $425, and were attempted to be itemized and verified. Defendants admitted an indebtedness in their answer in the sum of $130.57 on the first count. Upon a trial of the case on April 26, 1916, after plaintiff's evidence was in defendants demurred to the evidence of plaintiff, which was sustained by the court. Motion for new trial was filed in due time, and thereafter on June 20, 1916, the court overruled the motion for new trial, and plaintiffs appeal, which appeal was lodged in this court on December 1, 1916.

Plaintiffs assign a number of errors occurring at the trial but upon examination of the record we find that the petition in error fails to assign as error the action of the court in overruling motion for new trial. This court has repeatedly held that errors occurring during the trial cannot be considered unless a motion for new trial has been made by the complaining party, acted upon by the trial court, and its ruling assigned as error in the Supreme Court. See case of Avery v. Hays, 44 Okla. 71, 144 Pac. 624, and cases there cited.

Inasmuch as plaintiffs in error have not assigned as error the ruling of the court upon motion for new trial, we cannot consider the errors alleged to have occurred during the trial. It necessarily follows that this appeal should be dismissed, and it is so ordered.

By the Court: It is so ordered.