## CITIZENS' BANK & TRUST CO. OF PRYOR v. HALE.

No. 8909—Opinion Filed Dec. 17. 1918.

Rehearing Denied Jan. 21, 1919.

(177 Pac. 366.)

1. **Judgment—Establishment of Trust— Petition.**

A petition for recovery of money had and received and for exemplary damages will not support a judgment establishing a trust.

2. **Trusts—Deposit in Bank—Stakeholder·**

C. contracted to buy from M. lands, and according to agreement deposited with a bank the amount of the agreed purchase money in escrow, conditioned that when M. delivered the bank a deed for the land purchased, and a designated attorney approved the deed to said lands as conveying a perfect title, said bank was to pay over said money to M. Said deed was delivered to said bank and approved by said designated attorney as conveying a perfect title to said lands and the deed filed for record, and the money deposited by C. was delivered to M., and afterwards it appeared that the title to said land was imperfect. Held, that said bank was merely a stakeholder and could not be held liable as a trustee.

(Syllabus by Collier, C.)

Error from District Court, Mayes County; Charles G. Watts, Judge.

Action by Henry F. Hale, and Henry F. Hale as executor of the estate of Cecelia A. Hale, deceased, against the Citizens' Bank & Trust Company of Pryor, Okla. Judgment for plaintiffs, motion for new trial overruled, and defendant brings error. Reversed and remanded.

Robert F. Blair and A. W. Fisher, for plaintiff in error.

H. W. Kornegay, for defendant in error.

Opinion by COLLIER, C. This is an action by the defendants in error against the plaintiff in error, to recover the sum of $3,477, laid out and expended, and $5,000 as exemplary damages. Hereinafter the parties will be styled as they were in the trial court.

The trial of the case was begun before a court and a jury, and thereafter the cause by agreement was tried by the court alone. The case was tried upon an amended petition, which is exceedingly lengthy; the same together with its exhibits, covering 64 pages of typewritten record. The amended petition avers the placing with the Citizens' Bank by the plaintiffs of $3,500 of their joint funds which should be held by the bank and paid to P. Avery, provided that P. Avery should deposit by September 1, 1910, a deed affirmed by a designated attorney, as conveying a good and sufficient title to the plaintiffs in the following lands (describing them). There was a further allegation to the effect that one of the inducements to the making of the deposit was the responsibility of the bank and its being disinterested in the sale of the lands. There was a further allegation that in fact the bank would have benefited by the sale and that it was helping P. Avery in a scheme to acquire the lands of certain minors under a contract made on February 26, 1910, which was set out, which was to be performed within six months. Facts alleging the helping of the bank were set out, and among other things alleged was the agreement of the bank officials with Jerry V. Hayes whereby the money to be derived from the Avery sale was to be kept on deposit in said bank. It further alleged the details and the course of procedure with reference to the contract of Avery and of the bank. It further alleges the getting of the deposit of the plaintiff with a knowledge of the Avery contract under which the deeds offered to the plaintiffs would be void. It further alleges at the time the contract of sale was entered into that the lands contracted from Avery were owned by minors and the action of the minors in setting aside the deeds to Avery and of setting aside of the deed from Avery to the plaintiffs. It alleges an appeal from judgment of the district court in so doing which was entered on the 11th of September, 1911, and affirmed by the Supreme Court August 28, 1914 (Avery v. Hays, 44 Okla. 71, 144 Pac. 624), followed by the mandate of the lower court January 4, 1915. It further alleges the recovery about the 4th of January, 1915, of a judgment for damages against the plaintiffs. It further alleges an assurance by the bank of the title being all right and that, on the strength of the assurance that the complaint against the title was groundless, the plaintiffs were induced to move on the lands. There was a further allegation that they were assured by the bank that the funds were being held in the same condition as when first deposited. There was further allegation that Henry F. Hale and Cecelia A. Hale did not have any knowledge of the double dealing of the defendant bank until February, 1915. They further alleged that they were entitled to recover their deposit with interest thereon at 10 per cent. and the expense of moving, and also the amount of the judgment recovered against them. There was a prayer for the recovery of the deposit and interest and moving expenses and the amount of the judgment and $5,000 exemplary damages and for

costs and all other and further relief. On November 22, 1915, defendant filed his motion to strike said amended petition on the ground that it was a departure, but the court denied the motion.

On March 27, 1916, defendant filed his amended answer, and on September 18, 1916, defendant filed its second amended answer on which it went to trial, pleading: (1) A general denial; (2) that more than two years have passed since plaintiffs discovered and knew all the facts which they now plead as fraud and their said action is barred by the statute of two years' limitation; (3) that plaintiffs' said cause of action is barred by the statute of one-year limitation; (4) that on September 26, 1911, in the district court of Mayes county, in a case then and there pending, wherein Craig C. Hayes was plaintiff and Avery, Kratzer, this defendant, and Henry F. Hale were defendants, the court heard and determined and entered judgment wherein all matters, in so far as they affect plaintiff Henry F. Hale are res judicata; (5) that the district court of Mayes county was without jurisdiction over the subject-matter in the Craig C. Hayes case and had no power in a collateral attack to set aside the sale of said minor's property, and the decree of said county court confirming said sale; (6) that defendant was a mere stakeholder or depository of the parties and had no interest financially in any of the transactions, but that plaintiffs' attorney passed the title to said land, and plaintiffs did have a good and valid title to said land, but, rather than defend said title, voluntarily gave up their possession and abandoned said land and now wrongfully bring this action against defendant.

On September 19, 1916, plaintiffs filed a long reply, which in legal effect is a general denial, except that they allege that they employed M. A. Pyles as their attorney for the special and particular purpose to file an answer in the case of Hayes v. Avery in August, 1911, and that if fraud was committed it was by defendant, and although their attorney refers to all these things in the answer he filed for them in that case, which is attached as an exhibit to said reply, still they did not know of the fraud themselves.

On September 19, 1916, plaintiffs filed another reply to defendant's amended answer which is in effect a general denial.

We deem it unnecessary to recite the evidence, as there is not any evidence in the case to sustain the finding of facts found by the court or to sustain the judgment rendered.

On the 19th of September, 1916, the case came on for trial, and the court made a finding of facts and rendered judgment as shown by the following journal entry, omitting caption and signature:

"Now, on this the 21st day of September, 1916, the same being one of the regular days of the 1916 September term of the district court in and for Mayes county, Oklahoma, the court being in regular session, the above-entitled cause coming on for hearing and the plaintiff appearing in person and by his counsel of record, J. E. Bristow, Graves & Seaton, and W. H. Kornegay, and the defendants appearing in person and by counsel of record, Robert F. Blain and A. W. Fisher; a jury being duly impaneled and sworn to try the issues in said cause, counsel for both the plaintiff and the defendant after making their opening statements, having agreed that the jury be discharged, and the court discharged the jury, and the issues in this cause being submitted to the court by agreement of counsel and the court after hearing all the evidence and argument of counsel makes the following findings, to wit:

"1. That the defendant was a trustee of the plaintiff and wrongfully paid out the funds of said plaintiff as alleged in plaintiff's petition herein, on or about the 3rd day of September, 1910.

"2. The court finds that after the cancellation of the plaintiff's deeds as alleged in plaintiff's petition herein, and after the plaintiffs had filed a petition in the district court of Mayes county, and had attempted to get service upon the defendants and after the death of Cecelia A. Hale, that the defendant procured the execution by John Holt and Charles Holt, of deeds purporting to convey to Cecelia A. Hale, the title to the lands described in said purported conveyances, the plaintiffs having tendered to the defendants, deeds purported to convey all the title to the lands contracted to be purchased as alleged in the plaintiff's petition herein, acquired by Henry F. Hale, or Cecelia A. Hale, or the heirs, executors and administrators of the estate of Cecelia A. Hale deceased, and both plaintiff and defendant agreeing that said purported deeds marked plaintiffs' 'Exhibit Z,' does convey all right, title, interest and equity of Henry F. Hale, or Henry F. Hale, as executor, to the estate of Cecelia A. Hale, in and to the lands described in plaintiffs' petition herein, and all right, title, interest and equity of the heirs and devisees of Cecelia A. Hale, deceased; in and to said lands.

"The court further finds all the issues for the plaintiff and against the defendant.

"Wherefore, it is ordered, adjudged and decreed by this court that the plaintiffs have and recover the principal sum of $3,550.00 and the sum of $1,000.00, as interest on said said principal sum from defendants.

"It is further ordered, adjudged and de-

creed by this court that the title in and to said lands be and is hereby declared vested in the defendant, Citizens' Bank & Trust Company, for all of which let execution issue."

The defendant excepted to the finding of facts made by the court, and to the judgment rendered.

Within the time provided by law, plaintiff made a motion for a new trial, which was overruled and excepted to, and error brought to this court.

We have carefully considered all the evidence in this case and are of the opinion that the facts found by the trial court, "that the defendant was the trustee of the plaintiff and wrongfully paid out the funds of said plaintiff as alleged in plaintiff's petition here on or about the 3d day of September, 1910," is unwarranted by the evidence. and that in so finding the court committed reversible error.

The material uncontradicted evidence in the case shows that Henry F. Hale and wife contracted to purchase certain lands and in the furtherance thereof deposited with the defendant bank in escrow $3,500 conditioned that, upon the delivery of the deed to the said Hales for said lands that were satisfactory to a designated attorney at law as conveying a perfect title to said land to said Hales, the defendant was to pay the said money to the said Avery and have the deeds recorded. The said designated attorney did approve said title to said lands, and said deeds were filed and as evidenced by said deed recorded, and the money placed in escrow by the Hales was paid Mr. Avery, and we are unable to see from the evidence how the bank was guilty of bad faith or paid the money over wrongfully, or in any way became a trustee under the evidence in this case. It clearly appears from the evidence that the bank was a mere stakeholder, and the court committed reversible error in holding that it was a trustee and rendering judgment for the money in question.

It must be remembered that this action was brought to recover the amount of said money deposited, together with $5,000, as exemplary damages. There is no prayer for any accounting or for any equitable relief, and it is difficult to understand how the learned court converted such law case into an equitable action and reached the conclusion that the evidence in this case shows that a trust was created and the lands in question be adjudged to the defendant.

From the view we take of the case we deem it unnecessary to review any of the other many errors discussed in plaintiff's brief.

For the errors pointed out, this cause is reversed and remanded.

By the Court: It is so ordered.