## THOMASON v. THOMPSON.

No. 8706—Opinion Filed Dec. 31, 1918.

Petition for Rehearing Denied Dec. 31, 1918.

(177 Pac. 553.)

(Syllabus.)

Appeal and Error—Overruling of Motion for New Trial—Failure to Except—Waiver.

A failure to except to the order of the trial court in overruling a motion for new trial is a waiver of error as to such ruling and all alleged errors of law occurring at the trial for which a new trial might be granted.

Error from District Court, Craig County; Geo. C. Crump, Assigned Judge.

Action by Wm. P. Thompson against John S. Thomason, as administrator of W. R. Badgett, deceased. Judgment for plaintiff, motion for new trial denied, and defendant brings error. Affirmed.

Luther James, for plaintiff in error.

Ames Chambers, Lowe & Richardson and W. P. Thompson, for defendant in error.

OWEN, J. This action was brought by the defendant in error, an attorney at law, to recover for legal services rendered to W. R. Badgett, deceased, during his lifetime. The case was tried to the court without a jury. A motion for a new trial was filed by plaintiff in error, but no exception saved to the action of the court in overruling this motion. An appeal was prayed at the time and plaintiff in error argues that the prayer for an appeal amounted to an exception.

This court has repeatedly held that, where no exception is taken to the action of the court in overruling the motion for new trial, it will be presumed that the losing party did not intend to rely on that ruling as error. An appeal is taken in order to bring before this court all rulings of the court that have been excepted to in the trial. The appeal has not reference simply to the overruling of the motion for new trial, but to all errors of the court, some of which may be presented by transcript of the record proper.

The errors assigned are based upon the action of the court in permitting the plaintiff below to testify in his own behalf in support of his claim for service, because, as is alleged, the plaintiff was incompetent as a witness to testify regarding the transactions had with the deceased, and to the action of the court in not sustaining motion of the defendant for judgment at the conclusion of the evidence of the plaintiff.

These assignments can only be presented by a case-made or bill of exceptions. No assignment of error is urged that may be determined on the record proper.

That a failure to except to the order of the trial court in overruling motion for new trial amounts to a waiver of error as to such rulings, and all alleged errors occurring at the trial for. which a new. trial might be granted, was held in the case of National Surety Co. v. City of Hobart, 65 Okla. 68, 162 Pac 954, and to the same effect are the following cases in this court: Wamsley v. Territory, 3 Okla. 279, 41 Pac. 600; City of Enid v. Wigger, 15 Okla. 507, 85 Pac. 697; Alexander v. Okla. City, 22 Okla. 838, 98 Pac. 943; Martin v. Hubbard. 32 Okla. 2, 121 Pac. 620; Kee v. Park et al., 32 Okla. 302, 122 Pac. 712; St. L. & I. M. R, Co, v, Winsley, 39 Okla. 374, 135 Pac. 19; Jones v. Jones, 43 Okla. 361, 143 Pac. 37. And to the same effect is the case of Fletcher et al. v. Waring, 137 Ind. 159, 36 N. E. 896, and authorities there cited.

The case-made failing to show the defendant excepted to the action of the trial court in overruling the motion for a new trial, the judgment of the lower court must be affirmed.

All the Justices concur except KANE and RAINEY, JJ., not participating.