**ARCHERD v. WARE et al.**

No. 11181—Opinion Filed Oct. 6, 1925.

Rehearing Denied Jan. 19, 1926.

**Appeal and Error—Motion for New Trial— Necessity—Dismissal.**

In a case tried to the court, where record evidence is introduced and supplemented by an agreement of counsel as to other facts, a motion for new trial and adverse action thereon by the trial court are necessary facts to be shown in order to confer jurisdiction on this court to review alleged error in the rendition of judgment therein. In such case, a sole assignment of error in the petition in error that "the court erred in sustaining defendant's motion to set aside the judgment of the plaintiff," presents nothing to this court for review.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by Henry Gail Archerd, by his legal guardian, H. A. Archerd, against Phillip Ware and others. Judgment for defendants, and plaintiff brings error. Dismissed.

On motion by defendants to recall and quash a garnishee summons and to vacate an abstract of judgment filed in the district court, judgment was rendered in favor of the defendants quashing said garnishment and vacating said judgment. To reverse this action of the trial court the plaintiff brings error.

E. D. Slough, for plaintiff in error.

Ledbetter, Furman & Ledbetter, for defendants in error.

Opinion by LOGSDON, C. On November 9, 1914, Henry Gail Archerd, by his guardian, commenced his action in the justice court against the defendants, Phillip Ware, Louis Fulmore and Henry Carter, to recover the sum of $200 rents for the year 1914 on certain premises described, and for a landlord's attachment. There was judgment in the justice court in favor of the plaintiff and sustaining the attachment, and defendants Louis Fulmore and Henry Carter in due time filed their bond for appeal to the county court. Trial was had de novo in the county court March 5, 1915, resulting in a judgment in favor of the defendants and dissolving the attachment. There was no appeal from this judgment. It is not shown by the record whether Phillip Ware appeared and defended in the trial of the cause in the county court, nor is it disclosed that he did not appear. The journal entry of that judgment merely recites that "plaintiff and defendants appearing in person and by counsel." After the appeal bond had been filed by Fulmore and Carter for the purpose of appealing from the justice court to the county court and on December 29, 1914, plaintiff caused an abstract of the judgment in the justice court to be filed in the office of the court clerk and entered on the judgment docket. On January 19, 1918, Phillip Ware filed in the district court what was denominated a motion to vacate and set aside the abstract of judgment and to quash the garnishment issued thereon. This cause was numbered 2695 in the district court. Nearly two years later, and on January 5, 1920, there was a trial in district court, which resulted in a judgment in favor of Phillip Ware, vacating, setting aside, and holding for naught the abstract of judgment so filed in that court. No motion for new trial was filed in the trial court nor is the action of the trial court in overruling a motion for new trial assigned as a ground of error in the petition in error. Evidence was introduced upon the trial, and an agreement of counsel entered showing that no appeal was taken from the judgment of the county court above mentioned.

It has been long settled in this state that errors occurring during the trial of a case cannot be considered in this court unless a motion for new trial founded upon and including such errors has been made by the party complaining, and presented to the trial court and by it denied. At the time of the trial of the instant case, it was necessary that the action of the trial court in overruling a motion for new trial should be excepted to, and that action of the court assigned as error here. Stinchcomb v. Myers, 28 Okla. 597, 115 Pac. 602; Kee v. Park, 32 Okla. 302, 122 Pac. 712; Board Com'rs of Beaver Co. v. Langston, 41 Okla. 715, 139 Pac. 956; Commercial Nat. Bank v. Trumbly, 56 Okla. 173, 155 Pac. 874; Aaron v. American Nat. Bank, 60 Okla. 137, 159 Pac. 246.

Since the case-made here presented contains no motion for new trial, nor any recital that a motion for new trial was filed and acted upon, and since the action of the court in overruling a motion for new trial is not assigned as error in the petition in error, nothing is presented to this court for review, and this cause should be and is dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. pp. 963, §850, 1341, §1478.