BLESCH v. BLESCH.

No. 34012.   March 20, 1951.

Rehearing Denied May 1, 1951.

*230 P. 2d 723.*

Leslie L. Conner, A. L. Hilpirt, Arnold B. Britton, and Charles W. Conner, Oklahoma City, for plaintiff in error.

Charles W. Donaldson and Lee Gill, Oklahoma Ctiy, for defendant in error.

GIBSON, J. The parties will be referred to as they appeared in the trial court.

Plaintiff instituted this action against defendant for an absolute divorce and approval of a property settlement reflected in a written contract executed by the parties. Defendant entered a general appearance in writing and therein waived time to plead or answer but, otherwise, made default. Plaintiff was awarded judgment, as prayed, on April 21, 1947, and the same became final. On March 23, 1948, defendant filed in said court her petition to set aside said judgment upon the ground of fraud practiced by the plaintiff in obtaining the judgment. Issues were joined thereon and trial was had on July 12, 1948. The court found the issues for defendant, vacated the judgment and granted leave to defendant to file in said cause her answer to plaintiff's petition and a cross-petition wherein she asked for divorce, cancellation of said contract and a decree settling the property rights of the parties and alimony. Issues were joined and upon trial thereof defendant was, on October 6, 1948, awarded judgment, from which both parties appeal.

Plaintiff's assignments of error are presented under the following proposition:

"The lower court erred in setting aside the original decree and property settlement in this action."

The entire argument is addressed to the trial of the issues on the petition to vacate the earlier judgment and rests on the contention that the evidence was insufficient to support the judgment thereon.

Defendant contends that the order vacating the judgment is a final order, in the nature of an order granting a new trial, and that this court is without jurisdiction to review the order vacating the judgment except on appeal therefrom filed within six months from the date of the rendition thereof, to wit: July 12, 1948. The appeal was lodged in this court on February 15, 1949. For reply thereto plaintiff contends that the only journal entry of judgment in the cause is that of October 6, 1948, wherein the court adjudged the vacation of said judgment and that such judgment speaks only as of the date thereof. It is recognized that, as shown in the court reporter's transcript of the proceedings had, the court, upon conclusion of the trial, stated from the bench: ". . . it is the order of the court that the judgment be vacated", and that the clerk's minutes of the proceedings on said date contain the entry: "Former judgment vacated as per J. E. Melone" but urged that such facts are not sufficient to establish the fact of a judgment as of that date, and Braniff v. Coffield, 199 Okla. 604, 190 P. 2d 815, is cited as authority therefor. In that case there was no journal entry reflecting the actions of the court on a motion and the question considered was whether the fact of such action could be established by the entry in the clerk's minute book, and we held that it could not be. In the instant case, the fact of the order vacating the judgment appears in the journal entry but such entry is silent as to the date of its rendition as distinguished from that of its entry. The limitation on the appeal from a final order begins to run from the date of its rendition. 12 O. S. 1941 §972. It is the law in this state that a judgment is rendered, within the meaning of the law, at the time it is pronounced by the court. Taliaferro v. Batis et al., 123 Okla. 59, 252 P. 845. The question posed

here, is whether, under the circumstances, the said statement of the court is competent as evidence of the time of such rendition. It has been held in other jurisdictions that resort may be had to extrinsic evidence in order to establish the date of the rendition of a judgment. (34 C. J. 70, §203, and cases cited). We are of the opinion that the statement of the judge from the bench as shown in the proceeding and the entry of the clerk reflected in the minute book are both competent as evidence and that either is sufficient to establish the fact that the order vacating said judgment was rendered on July 12, 1948. Thus far we have considered the matter on the assumption that, as contended, the limitation on the appeal began to run upon the rendition of the judgment and we did so in order to resolve the questions discussed. However, in order to avoid a misconstruction of the law applicable herein, it must be said that the limitation on the appeal herein began to run with the overruling of plaintiff's motion for new trial which was filed on the day the court rendered its order vacating the judgment. The journal entry of judgment reflects the fact that the motion was overruled on July 16, 1948. More than six months elapsed thereafter before the appeal was lodged. The proceeding to vacate the judgment was by petition and summons in accordance with the provisions of 12 O. S. 1941 §1033, and the ground upon which it is sought is that which is authorized by 12 O. S. 1941 §1031, subdivision 4. Such proceeding is in the nature of an original action and, in order to have the errors occurring therein reviewed by this court, a motion for a new trial must be filed and passed on by the trial court. Smith v. Smith, 102 Okla. 70, 226 P. 368; Archerd v. Ware, 115 Okla. 100, 242 P. 1043.

Plaintiff's appeal, filed more than six months after the overruling of the motion for new trial, does not afford this court jurisdiction to review the action of the court in vacating the judgment. Scott v. Riggs Optical Co., 175 Okla. 54, 51 P. 2d 497; Everest v. Sun Lumber Co., 174 Okla. 104, 50 P. 2d 330. And, since no other ground of error is presented as to the judgment appealed from, the same is affirmed as to the plaintiff.

On her cross-appeal defendant presents her assignments of error under the following proposition:

"The lower court erred in refusing to grant any alimony to defendant in error."

The court awarded defendant a divorce by reason of the fault of the plaintiff but denied defendant alimony. The court found that the parties had no separate estate and that an equitable settlement of their rights as to property acquired by their joint endeavor would be effected by awarding plaintiff a dairy farm in Oklahoma county and the equipment thereon and awarding defendant certain lots in Oklahoma City with duplex building thereon which was held under executory contract of purchase and then occupied as defendant's residence and as a revenue producer through the rental of part thereof, and decreed accordingly. It was further decreed as part thereof that plaintiff be obligated to pay the balance owing upon the purchase price and in addition thereto defendant was awarded against plaintiff money judgment aggregating $1,976.11.

It is recognized that the property division as made by the court is an equitable one, but contended that since defendant was awarded the divorce by reason of the fault of the plaintiff she should have alimony as well. The argument made in support of the contention stresses the fact that under the terms of 12 O. S. 1941 §1278, the property settlement is no substitute for the alimony provided for therein. It is further contended, on authority of Privett v. Privett, 93 Okla. 171, 220 P. 348, that

it is the court's duty to ascertain the situation of the parties and to grant alimony, if at all, in such amount as the wife's necessities require, based on the husband's ability to pay, and attention is directed to the fact that defendant by reason of her ill health is incapable of earning a livelihood through physical endeavors and that plaintiff, who is profitably employed, could and should be required to contribute to defendant's support.

As stated in Bishop v. Bishop, 194 Okla. 209, 148 P. 2d 472, 155 A. L. R. 604, on authority of earlier decisions therein cited, the allowance of permanent alimony is a matter of sound judicial discretion to be exercised in accordance with well-established principles and upon a view of all the circumstances of each particular case.

From our consideration of all of the pertinent facts, we are of the opinion that the trial court did not abuse its discretion in refusing to award the alimony.

Affirmed.

LUTTRELL, V. C. J., and CORN, DAVISON, HALLEY, and O'NEAL, JJ., concur.